# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-4494

TELESFORO GUTIERREZ-ALMAZAN,

*Petitioner,*

*v.*

ALBERTO GONZALES,

*Respondent.*

On Petition for Review of an Order
of the Board of Immigration Appeals.
No. A36-748-745.

SUBMITTED MAY 26, 2006—DECIDED JULY 17, 2006

Before KANNE, ROVNER, and WOOD, *Circuit Judges.*

PER CURIAM. Telesforo Gutierrez-Almazan was ordered removed after immigration authorities determined that his 1994 conviction for sexual abuse of a minor was an aggravated felony. Gutierrez filed a petition for review in this court, challenging the determination of the Board of Immigration Appeals that he is ineligible for relief under former section 212(c) of the Immigration and Nationality Act. *See INS v. St. Cyr*, 533 U.S. 289 (2001). After he filed his opening brief in this court, however, the government moved to dismiss the petition under the fugitive disentitlement doctrine. We deny the motion to dismiss for the reasons set out below.

The facts needed to understand this matter are few. On February 8, 2006, the Department of Homeland Security (DHS) sent Gutierrez a notice (commonly referred to as a "bag and baggage" letter) ordering him to surrender for removal on March 9. Presumably in response to the notice, Gutierrez filed in this court on February 14 a motion for a stay of removal pending his appeal. Two days later a motions judge ordered a temporary stay and directed the government to respond to the motion by March 1. The government filed its response on March 6, stating that it did not oppose a stay of removal, and on March 22 this motions panel granted Gutierrez's motion for a stay. But in the meantime, March 9 came and went and he did not surrender. His counsel now states that he advised Gutierrez that he didn't need to report because of the temporary stay; that advice was unfounded. *See Sapoundjiev v. Gonzales*, 376 F.3d 727, 729 (7th Cir. 2004).

Then on May 26, 2006, the government filed its motion to dismiss. Gutierrez's counsel immediately called DHS and stated that Gutierrez was willing to surrender to immigration authorities at any time and place the government requested. A DHS official told Gutierrez to report on May 30, which he did. He remains in custody.

The fugitive disentitlement doctrine is a discretionary device by which courts may dismiss criminal appeals or civil actions by or against individuals who are fugitives from justice. *Sarlund v. Anderson*, 205 F.3d 973, 974 (7th Cir. 2000). Courts have consistently held that it applies in the immigration context. *See, e.g.*, *Sapoundjiev*, 376 F.3d at 728; *Antonio-Martinez v. INS*, 317 F.3d 1089 (9th Cir. 2003). But it is not at all clear that it should be invoked in a case like this, where the party in question is no longer a fugitive. Gutierrez is not at large; he is in custody. In cases where escaped fugitives have been recaptured, courts have been reluctant to impose the severe sanction of disentitling them to access to the federal courts. *See Ortega-Rodriguez*

*v. United States*, 507 U.S. 234 (1993); *Hanson v. Phillips*, 442 F.3d 789 (2d Cir. 2006); *Katz v. United States*, 920 F.2d 610 (9th Cir. 1990), *abrogated on other grounds by Lozada v. Deeds*, 964 F.2d 956 (9th Cir. 1992); *cf. Walsh v. Walsh*, 221 F.3d 204, 214-15 (1st Cir. 2000) (noting that courts have generally dismissed cases where the fugitive has failed to surrender voluntarily after a given term). We are therefore even more cautious about applying it here, where the petitioner not only did not escape (he simply failed to report, on bad advice from his lawyer), but also turned himself in as soon as he learned that he was wanted, rather than waiting to be apprehended.

In *Degen v. United States*, 517 U.S. 820 (1996), the Supreme Court cautioned against frequent use of fugitive dismissal, stating that it is too blunt an instrument for deterring other petitioners from absconding and for preserving the court's authority and dignity. The Court emphasized that above all, pragmatic considerations should guide courts' application of the doctrine. The essential question, then, is this: have the petitioner's actions made the enforcement of an adverse judgment impossible? Here the answer is plainly no: Gutierrez is in custody, and the government will have no trouble removing him if his appeal in this court fails.

We suggested in *Sapoundjiev* that a petitioner in an immigration case who fails to report and then faces a motion to dismiss under the fugitive disentitlement doctrine may still surrender to immigration authorities and preserve his appeal. 376 F.3d at 730. We now so hold, and DENY the motion to dismiss the appeal.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*

USCA-02-C-0072—7-17-06