## In the

## United States Court of Appeals

### For the Seventh Circuit

No. 12-3208

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEREMIAH DORAI JACOB,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 12-CR-30038-MJR—**Michael J. Reagan**, *Judge.*

SUBMITTED APRIL 19, 2013—DECIDED MAY 7, 2013

Before MANION, WOOD, and HAMILTON, *Circuit Judges.*

PER CURIAM. This appeal serves as a useful reminder about the dangers of allowing criminal defendants to travel internationally. Jeremiah Jacob was convicted more than a year ago of selling an unregistered security, see 15 U.S.C. § 77e(a), and was sentenced to 14 months' imprisonment and $241,630.95 in restitution. When he asked for permission to travel to Australia two weeks after sentencing, he was persuasive:

He had been traveling to Australia for work while on bond before sentencing and yet he had returned to be sentenced, and he pledged to earn additional money to pay restitution. The district court thus granted the motion with instructions that Jacob return to the United States before March 15, 2013, to report to prison. But on March 20, 2013, the probation office informed the district court that Jacob had failed to surrender as ordered, and his attorney suggested that he may have fled the country. The government then moved to dismiss Jacob's pending appeal from the judgment against him under the fugitive disentitlement doctrine.

Meanwhile, Jacob had allowed this appeal to languish by not responding to communication from this court. We first asked Jacob to respond when his retained attorney moved to withdraw in fall 2012. After three months passed with no response, we granted the motion and told Jacob that he was responsible for handling this appeal unless he hired another lawyer. Jacob also missed his deadline to file an opening brief shortly before the government filed its motion to dismiss. Despite Jacob's unresponsiveness, we asked for his input on the motion to dismiss, and he sent the court a rambling email arguing the merits of his appeal. He gave no indication that he intends to return to the country.

While we were awaiting Jacob's response, the district court took note that he had told his probation officer that he had no intention of returning to the United States. The court also observed that a new indictment had issued against Jacob for failure to surrender

for service of his prison sentence and contempt of court, and a warrant had issued for his arrest. See *United States v. Jacob*, No. 3:13-cr-30052-MJR (S.D. Ill. Mar. 19, 2013).

In light of Jacob's flight from the country, we grant the government's motion to dismiss. The Supreme Court has long recognized that dismissal is warranted when a criminal defendant becomes a fugitive. *Ortega-Rodriguez v. United States*, 507 U.S. 234 (1993); *Molinaro v. New Jersey*, 396 U.S. 365 (1970); *Smith v. United States*, 94 U.S. 97 (1876). The Court reasons that an escape from custody "disentitles the defendant to call upon the resources of the Court for determination of his claims," *Molinaro*, 396 U.S. at 366, and that this procedure serves to deter future escapees, maintain an "efficient, dignified appellate practice," and prevent courts from issuing unenforceable judgments, *Ortega-Rodriguez*, 507 U.S. at 240-42. Although dismissal in these circumstances is discretionary, see *id.* at 239-40; *Gutierrez-Almazan v. Gonzales*, 453 F.3d 956, 957 (7th Cir. 2006), because Jacob remains at large and has expressed no interest in returning to serve his prison sentence, this appeal is

DISMISSED.