In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3767

PARASHU GIRI,

*Petitioner,*

*v.*

LORETTA E. LYNCH, Attorney
General of the United States,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A078-872-597

ARGUED DECEMBER 2, 2014 — DECIDED JULY 17, 2015

Before WOOD, *Chief Judge*, and WILLIAMS and TINDER, *Circuit Judges*.

WILLIAMS, *Circuit Judge.* Parashu Giri, a citizen of Nepal, was living in the United States as a conditional permanent resident based on his marriage to a U.S. citizen, Tammy Giri, until the United States Citizenship and Immigration Services ("USCIS") terminated his conditional resident status after finding that his marriage was entered into for the purpose of

remaining in the United States. Removal proceedings commenced shortly thereafter. On the day of his merits hearing—after the court granted his request to advance the date of his merits hearing—Parashu[1] sought a continuance on the grounds that he had not been fingerprinted, as required, and was not able to timely submit documentation to support the validity of his marriage to his U.S. citizen spouse. The immigration judge ("IJ") denied the request finding that Parashu had ample time to get fingerprinted and submit his petition for relief and evidence supporting the bona fides of his marriage, but he was not diligent in completing these tasks. Because the IJ previously had found that Parashu conceded removability, and there were no additional matters pending before the IJ, the IJ ordered Parashu removed to Nepal. The Board of Immigration Appeals ("BIA") upheld the IJ's ruling. Parashu petitioned this court for review. Because the immigration courts provided a reasoned explanation for the IJ's decision not to grant a continuance that did not depart from established policies or rest on an impermissible basis and because the record indicates that Parashu conceded removability and was removable to Nepal, we deny the petition for review.

## I.     BACKGROUND

On April 29, 1998, Parashu Giri, a citizen of Nepal, lawfully entered the United States as a nonimmigrant visitor. In 2001, he married a U.S. citizen, Tammy Giri, and gained conditional permanent residence based on his marriage to Tammy. This was Parashu's second marriage.

---

[1] To avoid confusion, we will refer to Parashu and Tammy Giri by their first names throughout this opinion.

In May 2003, Parashu and Tammy submitted a joint I-751 petition to remove the conditions of his permanent residence. USCIS denied the petition in February 2007 based on Parashu's and Tammy's failure to appear for the I-751 interview and a letter Tammy sent to USCIS in July 2003 withdrawing her support of the I-751 petition. In April 2007, Parashu and Tammy filed a second joint I-751 petition. On January 29, 2010, USCIS denied the petition finding that Parashu maintained a relationship with his first wife after their purported divorce in 1998, lived and had a child with his first wife during his marriage to Tammy, Parashu did not consistently live with his U.S. citizen spouse, and other evidence led to the conclusion that Parashu entered into the marriage with Tammy to avoid immigration laws. In February 2010, the Department of Homeland Security ("DHS") served Parashu with a notice to appear, which commenced removal proceedings.

Sakina Carbide, Parashu's counsel, refiled a motion for an individual hearing on October 21, 2010. (The immigration court rejected the initial motion packet, filed on September 8, 2010, because of a missing signature.) The motion packet contained the motion and a response to the notice to appear, among other documents. The motion for an individual hearing informed the court that Parashu and Tammy wished to renew their I-751 petition. But a copy of an I-751 petition was not included. The motion requested that the IJ schedule a merits hearing regarding the same as soon as possible. The response to the notice to appear, signed by Parashu, admitted almost all of the allegations in the notice to appear, specifically, that he: (1) is not a U.S. citizen, (2) is a citizen of Nepal, (3) was admitted to the United States on or about April 29, 1998, and (4) became a permanent resident on a

conditional basis on July 31, 2001. He also admitted that his conditional status was terminated, but he denied that he was removable.

On October 21, 2010, by written order, the immigration court granted the motion for a merits hearing, finding that Parashu conceded removability. The order also stated that "The application(s) for relief must be filed by 45 days before next hearing"; and Parashu must be fingerprinted "by 60 days before next hearing." The next day the immigration court issued a notice of hearing stating that Parashu's merits hearing would take place on July 25, 2012. On February 17, 2012 the court issued another notice rescheduling the merits hearing to August 23, 2012.

The immigration court held the merits hearing on August 23, 2012. Parashu appeared at the hearing with his counsel, Carbide, who had not yet entered an official appearance even though she had been representing Parashu in this matter since at least August 2010. She acknowledged that she failed to enter an appearance.

After discussing her failure to enter an appearance, counsel asked for a continuance based on the fact that Parashu had not been fingerprinted and that counsel was unable to timely submit the documentary evidence supporting the bona fides of Parashu's marriage, which was over 800 pages of documents illustrating the couple's twelve-year relationship and included a copy of the I-751 petition dated March 1, 2007. She stated that she had trouble getting an appointment for USCIS to fingerprint Parashu. She stated that over the past two years there had been difficulty trying to obtain the documentary evidence from Parashu to support the bona fides of the marriage, and that she just received the docu-

ments the previous afternoon. She admitted that her first meeting with Parashu to prepare his case occurred two days before the hearing. Though not stated at the merits hearing, Carbide said at oral argument that she tried to meet with Parashu several times prior to the merits hearing, but he would cancel each meeting.

The IJ noted that her previous order indicated that Parashu had to be fingerprinted sixty days before the merits hearing and that he had to submit his application forty-five days before the merits hearing. The IJ also noted that Parashu requested an early hearing date but did nothing to prepare for the hearing for two years. Ultimately, the IJ determined that a continuance was not warranted because Parashu had ample time to prepare for the hearing and failed to do so and failed to present a reason why he was not ready for the hearing. Since there was nothing further pending before the court and Parashu had already conceded removability, the court ordered Parashu removed to Nepal.

Parashu appealed the IJ's ruling to the BIA. On November 15, 2013, the BIA affirmed the IJ's ruling in an order relying on the IJ's determination of fact and law and supplementing the ruling with its own analysis.

## II.    ANALYSIS

Parashu petitions the court for review. He raises two main issues, whether (1) the IJ abused her discretion by denying his motion for a continuance, and (2) the IJ erred by finding that he conceded removability and ordering him removed to Nepal. Since the BIA adopted the findings of the IJ and added its own analysis, we review the IJ's decision as

supplemented by the BIA. *Palma-Martinez v. Lynch*, 785 F.3d 1147, 1149 (7th Cir. 2015).

### A. The IJ Did Not Err by Denying Parashu's Motion for Continuance.

The court reviews a denial of a motion for a continuance for an abuse of discretion. *See Calma v. Holder*, 663 F.3d 868, 875 (7th Cir. 2011). "[A]s long as the immigration judge gives a reason for his decision, this court will uphold the decision unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Id.* The court reviews constitutional claims de novo. *Alvarado-Fonseca v. Holder*, 631 F.3d 385, 389 (7th Cir. 2011).

Parashu argues that a continuance was warranted because he did not seek one for purposes of delay, had never requested a continuance, and was unaware of the deadline for filing supplemental evidence. He further argues that he had good cause for his delay in filing, but the court never allowed him to explain that because his abusive and controlling wife was withholding documents from him, he was unable to file the supplemental evidence earlier. He suggests that he should receive a reprieve from the consequences of his actions because he was *pro se* until the hearing.

An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. Further an IJ "may set and extend time limits for the filing of applications and related documents and responses thereto, if any. If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived." 8 C.F.R. § 1003.31(c).

The IJ denied the continuance because Parashu had over a year and a half to prepare for the merits hearing, which Parashu requested accelerated; he had been warned of the deadlines for filing his application and completing fingerprinting and failed to comply; he did not give a reason for his lack of compliance; and he did not request a continuance in advance of the merits hearing. This explanation is rational and neither inexplicably departs from established policies nor rests on an impermissible basis. Also, it was within the IJ's discretion to refuse to give Parashu more time to file the supporting documents. *See* 8 C.F.R. § 1003.31(c). Therefore, the IJ's decision was not an abuse of discretion. *See Umezurike v. Holder*, 610 F.3d 997, 1003–04 (7th Cir. 2010). At the hearing, Parashu's counsel seemed to acknowledge that under the circumstances of this case, a hearing typically does not go forward. Shortly after the IJ's comments about how she was troubled by Parashu's insincere continuance request and his attempt to tender a voluminous submission on the day of the merits hearing, counsel said to the IJ, "I understand that this is absolutely against protocol, this is absolutely against the rules and procedures, and you know, … you're correct."

Additionally, there is no evidence on the record of good cause supporting a continuance. There might have been good cause if Parashu's inability to file the supporting documents earlier was because of spousal abuse. However, Parashu never submitted any evidence supporting this and failed to raise the argument to the IJ. Even on the record before the court now, there is still no evidence that Tammy abused or controlled Parashu, that she threatened to withdraw her sponsorship of Parashu's visa petition, or that she used his financial and emotional dependency on her to control him by threatening to abandon him or have him deport-

ed. The IJ could not have found good cause due to spousal abuse when Parashu did not present the argument or evidence supporting the argument to her. Counsel did have the opportunity to present this argument at the hearing, but failed to do so. Further, to the extent Parashu or his counsel had trouble collecting supporting documents due to Tammy's failure to produce them, Parashu could have requested that the immigration court issue a subpoena for the records. *See Reyes-Cornejo v. Holder*, 734 F.3d 636, 646 (7th Cir. 2013) (citing 8 U.S.C. § 1229a(b)(1)) (recognizing the immigration court's subpoena power); *see also* 8 C.F.R. § 1003.35(b).

Parashu's counsel disingenuously argues for leniency because Parashu was appearing *pro se* until the day of the merits hearing. At the merits hearing, Parashu's counsel presented a notice of entry of appearance of counsel (an "E-28") for this matter dated August 2010 and admits that she did not file it because "it fell through the cracks" at her office. She also admits that she received the October 2010 order that advised her that she needed to file an E-28. She acknowledged that she has represented Parashu since 2010 and believed that she was his attorney of record all along. Therefore, Parashu was *pro se* on the record, but she admits to representing him, so his *pro se* status was merely technical due to her failure to properly file an E-28. She stated at oral argument that immigration law has been her primary practice for twenty-one years. Her experience makes her familiar with the procedural requirements of the immigration court. So her argument that the court should be more lenient to Parashu because he was *pro se* at the time is not only troubling, but insincere and misleading.

Finally, Parashu asserts that the denial of the motion to continue violates due process. Proceedings in immigration court "satisfy due process so long as they conform to the applicable statutory and regulatory standards" and impose reasonable deadlines that afford the petitioner "a reasonable opportunity to present evidence." *Juarez v. Holder*, 599 F.3d 560, 566 (7th Cir. 2010). The proceedings conformed to statutory and regulatory standards. Also, Parashu had, at least, from October 2010 until approximately June 2012 (sixty days before his merits hearing) to present his evidence to the court. That was a reasonable amount of time. *See id.* (finding that providing a petitioner over a year to comply with the fingerprinting requirement and sixty days to file an application was "plenty of time"). The immigration court did not violate due process. Therefore, the IJ did not abuse her discretion by denying Parashu's request for a continuance.

### B. The IJ Did Not Err by Finding Parashu Removable and Ordering Him Removed.

Parashu argues that because he did not concede removability and the government did not present evidence to meet its burden to establish removability under 8 U.S.C. § 1227, the IJ should not have found that he conceded removability or that he was removable. We review findings of fact for substantial evidence and questions of law de novo. *Antia-Perea v. Holder*, 768 F.3d 647, 658 (7th Cir. 2014).

"Any alien with permanent resident status on a conditional basis … who has such status terminated … is deportable." 8 U.S.C. § 1227(a)(1)(D)(i). Thus to establish that Parashu was removable, the government only needed to establish that: (1) Parashu was a conditional permanent resident;

and (2) his status as a conditional permanent residence was terminated.

Although Parashu denied that he is removable, he admitted the key facts in the notice to appear that provided the basis for removability. Specifically, Parashu admitted that he is not a U.S. citizen, that he is a citizen of Nepal, that he obtained conditional permanent residence status in July 2001, and that his status was terminated. These admissions have the effect of withdrawing the issues from controversy. *See Selimi v. I.N.S.*, 312 F.3d 854, 860 (7th Cir. 2002). By admitting these facts, Parashu waived any objection to the IJ's finding of removability. *Qureshi v. Gonzales*, 442 F.3d 985, 990 (7th Cir. 2006). Therefore, the immigration court did not err by finding that Parashu conceded removability and finding him removable.

Parashu contends that he filed a petition for relief from removal and the IJ erroneously failed to consider it, and then improperly dismissed the case for failure to file a petition for relief. This argument is not supported by the record. Neither Parashu's petition for relief nor his supporting documents appear in the administrative record until after the merits hearing. He submitted the petition to the BIA but not the IJ; therefore, this argument is without merit.

Parashu also argues that the immigration court erred by ordering him removed because neither he nor the IJ designated a country of removal. While Parashu did not designate a country of removal, the IJ did. In the IJ's August 23, 2012 order, the IJ ordered Parashu removed to Nepal. There was no error. *See Jama v. Immigration & Customs Enforcement*, 543 U.S. 335, 341 (2005) (finding under 8 U.S.C. § 1231(b)(2) that an alien must be removed to the country of his choice, if that

is not possible, then the alien is removed to the country of which the alien is a citizen).

## III.   CONCLUSION

For the reasons stated above, the petition for review is DENIED.