**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 8, 2016
Decided June 21, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-3622

| | |
|---|---|
| JOZIHEY ACUNA-HINOJOSA,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A200-152-477 |
| LORETTA E. LYNCH,<br>Attorney General of the United States,<br>    *Respondent*. | |

**O R D E R**

Jozihey Acuna-Hinojosa, a citizen of Mexico, sought to postpone his removal proceedings so that he could pursue a state post-conviction challenge to an Indiana conviction which makes him ineligible for Deferred Action for Childhood Arrivals ("DACA"). The immigration judge ("IJ") thought it too speculative to assume that Acuna-Hinojosa would succeed in getting the conviction set aside and denied a continuance, a decision seconded by the Board of Immigration Appeals. Acuna-Hinojosa has filed a petition for review, which we deny because he did not present evidence of good cause for a continuance.

Acuna-Hinojosa had entered the United States with his parents in 2002 or 2003 when he was 12 or 13 years old. In 2011 the Department of Homeland Security placed him in removal proceedings on the ground that he had not been admitted or paroled into the United States. *See* 8 U.S.C. § 1182(a)(6)(A)(i). In October 2011 an IJ continued Acuna-Hinojosa's removal proceedings to give him time to secure legal counsel. At his next hearing, in February 2014, Acuna-Hinojosa admitted removability, but counsel requested a continuance to investigate possible bases for discretionary relief, including DACA. The IJ granted that request.

At his final hearing in June 2014, Acuna-Hinojosa requested a third continuance. Counsel explained that Acuna-Hinojosa would be seeking collateral relief from an Indiana conviction for carrying a handgun without a license, a misdemeanor. Acuna-Hinojosa told the IJ that in 2009 he was stopped by police while he was driving a friend's car. He was cited for driving without a license, and the gun was found in the glove box. Counsel asserted that Acuna-Hinojosa had not yet filed the collateral attack but gave the IJ a letter from another lawyer hired for that purpose. That letter, dated four months earlier, identifies theories that the lawyer was exploring. Those theories include ineffective assistance of counsel, a claim that the handgun should have been suppressed as the product of an unlawful search, and arguments that Acuna-Hinojosa's bench trial had been tainted by ignorance of his right to a jury trial and the absence of an interpreter. Counsel told the IJ that Acuna-Hinojosa would qualify for DACA if his gun conviction was overturned.

The government did not oppose giving Acuna-Hinojosa another continuance but refused to administratively close the removal action. The IJ then denied the requested continuance, reasoning that good cause for further delay was absent because Acuna-Hinojosa's pursuit of post-conviction relief was speculative. The IJ entered an order of removal.

The Board agreed with the IJ that Acuna-Hinojosa had not established good cause for a continuance. Unless and until a collateral attack is *successful*, the Board observed, the finality of a conviction for immigration purposes is not affected. Moreover, the Board reasoned, Acuna-Hinojosa could not have been prejudiced by the IJ's ruling because he did not assert that the post-conviction petition has since been granted and, anyway, he

may still pursue DACA relief after he is ordered removed if his conviction is overturned.[1]

After the Board ruled against him, Acuna-Hinojosa filed this petition for review. On April 22, 2016, after both parties had filed their briefs in this court, an Indiana superior court denied Acuna-Hinojosa's post-conviction petition. The government then moved to dismiss Acuna-Hinojosa's petition for review, reasoning that the case is moot because, in the government's view, the basis on which Acuna-Hinojosa requested a continuance no longer exists. Acuna-Hinojosa opposed the motion to dismiss (which has been carried with the case) on the ground that he appealed the Indiana court's adverse decision on his post-conviction petition.

We begin by addressing the government's argument that we should dismiss Acuna-Hinojosa's petition for review because an Indiana superior court recently denied his post-conviction petition. The government asserts that the superior court's adverse decision has mooted Acuna-Hinojosa's petition for review, but we disagree. Acuna-Hinojosa has appealed the superior court's decision, so the basis for the requested continuance remains unchanged.

Turning to the merits, Acuna-Hinojosa contends that the denial of his request for a continuance was an abuse of discretion. According to Acuna-Hinojosa, the IJ (and the Board as well) failed to properly consider documents favoring a continuance, in particular the letter from the lawyer hired to prepare the post-conviction petition. This purported disregard of his documents, says Acuna-Hinojosa, was a departure from established procedure of reviewing documentary evidence and prevented the IJ from adequately assessing whether his request for post-conviction relief was speculative.

---

[1] The Board's statement that Acuna-Hinojosa could not have been prejudiced by the denial of the requested continuance because he cannot show that the ruling affected the outcome of his removal proceedings is misleading. It is true that an *order of removal* does not make Acuna-Hinojosa ineligible for DACA. *See DACA Frequently Asked Questions*, Question 10, https://www.uscis.gov/humanitarian/consideration-deferred-action-childhood-arrivals-process/frequently-asked-questions (June 15, 2015) (explaining that DACA is available to any person who meets the guidelines, including those with a final order of removal). But if Acuna-Hinojosa is *removed* from the United States pursuant to that order, he *then* would be ineligible for DACA because DACA requires that the applicant reside in the United States at the time he applies for deferred action. *See id.* at Question 28. Accordingly, the decision to go forward with the proceedings and enter a final order of removal would impact Acuna-Hinojosa's eligibility for DACA, assuming that the order will be carried out.

The parties agree that this court reviews the IJ's decision as supplemented by the Board's decision. *See Zyapkov v. Lynch*, 817 F.3d 556, 559 (7th Cir. 2016). Removal proceedings may be continued for "good cause shown." *See Giri v. Lynch*, 793 F.3d 797, 801 (7th Cir. 2015); 8 C.F.R. § 1003.29. This court will not disturb the denial of a motion for a continuance unless it "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Umezurike v. Holder*, 610 F.3d 997, 1002 (7th Cir. 2010) (quoting *Mungongo v. Gonzales*, 479 F.3d 531, 534 (7th Cir. 2007)); *see Calma v. Holder*, 663 F.3d 868, 878 (7th Cir. 2011).

Acuna-Hinojosa's assertion that the IJ failed to adequately review the documents submitted with his motion is frivolous. The IJ allowed Acuna-Hinojosa's attorney to explain the nature of his conviction and the proceedings that had taken place in Indiana. Acuna-Hinojosa further explained to the IJ that he had not pleaded guilty and still maintained his innocence, despite his conviction after the bench trial. Moreover, the IJ accepted Acuna-Hinojosa's documents and made them part of the administrative record, thus making them available for the Board's review when it endorsed the IJ's conclusion that Acuna-Hinojosa's chance of getting his conviction overturned was too slim to justify further delay.

Acuna-Hinojosa's assertion that his documents essentially were ignored appears to be an effort to mask the real problem that he faced from the start: Those documents do not supply even a thread of support for his request for a continuance. As a general matter, "a pending collateral attack is not good cause because its tentative nature does not affect the finality of the conviction for immigration purposes." *Palma-Martinez v. Lynch*, 785 F.3d 1147, 1150 (7th Cir. 2015). And even if a post-conviction petition could establish good cause for a continuance, counsel represented that Acuna-Hinojosa had not even *filed* the petition before the final removal hearing—*five years* after the state conviction had become final. All that Acuna-Hinojosa gave the IJ was a letter from a different lawyer who was exploring potential grounds for relief based on a single discussion with Acuna-Hinojosa and a review of an incomplete record; counsel's letter does not suggest that any of the possible claims identified in the letter was likely to win relief for Acuna-Hinojosa. Because Acuna-Hinojosa has never submitted a copy of his post-conviction petition, this court was left to speculate—as were the IJ and the Board—about the basis for, and perhaps merits of, his requested relief. With that dearth of information, the denial of Acuna-Hinojosa's open-ended request for more time could not have been an abuse of discretion. *Cf. Souley v. Holder*, 779 F.3d 720, 723 (7th Cir. 2015) ("It is not an abuse of discretion for an IJ to deny a continuance based on the speculative nature of an unfiled I130 petition."); *Calma*, 663 F.3d at 878–79 (explaining that it was not abuse of discretion for IJ to deny continuance based on petitioner's speculation that he

would prevail on later adjustment of status). Moreover, the Board correctly pointed out in its opinion that Acuna-Hinojosa hadn't established good cause for a continuance because his pursuit of post-conviction relief appeared to be a delay tactic. *See Wang v. Holder*, 759 F.3d 670, 675 (7th Cir. 2014). Acuna-Hinojosa did not explain why he waited to meet with a post-conviction attorney until October 2013, over four years after he was convicted and two years after he had been granted his first continuance.

Because it was not an abuse of discretion for the IJ and the Board to conclude that Acuna-Hinojosa had not shown good cause for a continuance, we DENY his petition for review. We also DENY the government's motion to dismiss.