In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-1914

IVAN MENDOZA CADAVEDO,

*Petitioner*,

*v.*

LORETTA E. LYNCH, Attorney General of the United States,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals.
No. A089 506 066

ARGUED MAY 24, 2016 — DECIDED AUGUST 31, 2016

Before ROVNER, SYKES, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Ivan Mendoza Cadavedo, a native of the Philippines, petitions for review of a Board of Immigration Appeals decision that affirmed an immigration judge's denial of his request for a continuance. At a 2014 hearing, an immigration judge denied Cadavedo's request for a continuance to allow him to challenge a 2009 finding by United States Citizenship and Immigration Services ("USCIS") that he had engaged in marriage fraud. That USCIS

finding bars him from obtaining adjustment of his status to become a lawful permanent resident. We hold that there was no abuse of discretion in denying Cadavedo's request for a continuance. Cadavedo made his request during the hearing he sought to have continued, and his entitlement to the belated relief he wanted to seek from USCIS is speculative at best.

I.  *Background*

This case revolves around Cadavedo's past and possible future attempts to adjust his immigration status to become a lawful permanent resident. Unauthorized immigrants who have an immigrant visa immediately available to them (among other requirements) may apply to have their status adjusted to that of lawful permanent resident. 8 U.S.C. § 1255(a). There are no numerical limits on visas for immediate relatives of United States citizens, including spouses, so a visa is immediately available to such an immigrant. 8 U.S.C. § 1151(b)(2)(A)(i). To obtain this benefit, a United States citizen may petition for recognition of her relative's classification as an immigrant entitled to a visa. 8 U.S.C. § 1154(a)(1)(A)(i); 8 C.F.R. § 204.1(a)(1). The immigrant may then apply for adjustment of status. See generally *Matter of Hashmi*, 24 I. & N. Dec. 785, 789–90 (BIA 2009) (describing process for adjustment of status). If an immigrant attempts to obtain adjustment of status through a sham marriage, however, no future petition on behalf of that immigrant may be approved. 8 U.S.C. § 1154(c); see also 8 C.F.R. § 204.2(a)(1)(ii).

In 2007, Cadavedo sought to adjust his status through his U.S. citizen wife. His wife filed an I-130 petition for recogni-

tion of Cadavedo as her spouse, and Cadavedo filed a corresponding I-485 petition to adjust his status to lawful permanent resident.

Immigration authorities interviewed the two to establish whether their marriage was *bona fide.* In her interview, Cadavedo's wife admitted that Cadavedo had promised to pay her to marry him for immigration purposes. She gave a sworn statement to USCIS and withdrew her I-130 petition. USCIS denied Cadavedo's I-485 petition to adjust his status. It notified Cadavedo that under 8 U.S.C. § 1154(c) it could not approve any future petitions on his behalf because he had entered into a marriage for the purpose of evading the immigration laws.[1]

In 2012, the Department of Homeland Security issued a Notice to Appear to Cadavedo. The Notice to Appear charged Cadavedo with removability based on overstaying his visa, 8 U.S.C. § 1227(a)(1)(B), working without authorization, § 1227(a)(1)(C)(i), and fraudulently attempting to adjust his status through a spousal preference, §§ 1182(a)(6)(C)(i), 1227(a)(1)(A). On May 16, 2013, Cadavedo appeared before an immigration judge and admitted all of the Attorney General's factual allegations except for his marriage fraud, which he denied. The judge scheduled a hearing on the contested fraud charge for October 17, 2013.

In the fall of 2013, Cadavedo retained new counsel. Cadavedo's new counsel sought to continue the October 17, 2013

---

[1] Manny Aguja represented Cadavedo in his attempt to adjust his status, and Cadavedo worked for Aguja from 2004 to 2007. In 2012, attorney Aguja pled guilty to conspiracy to commit marriage fraud by participating in arranging fraudulent marriages for immigration purposes.

hearing to develop his defense against the fraud charges of removability. The October 2013 federal government shutdown had the effect of granting a delay of several months, although the judge did not formally grant the continuance request.

On January 29, 2014, Cadavedo again appeared before the immigration judge. The Attorney General's witness for the contested fraud charges did not appear for the hearing, so the Attorney General dropped that charge and proceeded on the other, uncontested grounds for removability. During the hearing, Cadavedo sought a continuance to give him an opportunity to bring a collateral challenge to USCIS's fraud finding from 2009. Cadavedo told the judge he had a daughter who was in the process of naturalizing, and he said he wanted to seek adjustment of status through her.

The judge denied the request and ordered Cadavedo's removal on the uncontested grounds for removability. Cadavedo appealed the denial of the continuance to the Board of Immigration Appeals. The Board affirmed the judge's decision. It applied its precedent, *Hashmi*, 24 I. & N. Dec. at 790–92, and concluded that Cadavedo had failed to demonstrate good cause to continue his proceedings. The relief Cadavedo wanted to seek from USCIS was untimely, and his entitlement to receive it was speculative at best. The Board also found no deprivation of Cadavedo's due process rights.

II.  *Analysis*

   A.  *Scope of Jurisdiction*

We have jurisdiction to review Cadavedo's final order of removal under 8 U.S.C. § 1252(a)(1). This includes jurisdiction

to review whether the Board erred in affirming the immigration judge's denial of a continuance along the way to reaching that final order. *Calma v. Holder*, 663 F.3d 868, 873 (7th Cir. 2011). Due to the limits on our jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(i), we have jurisdiction to review the denial of the motion to continue unless "the agency's rationale for denying the procedural request also establishes the petitioner's inability to prevail on the merits of his underlying claim" for adjustment of status. *Calma*, 663 F.3d at 876. Our jurisdiction extends to review of the denial of a continuance "that is sought for purposes of allowing another agency to complete its review." *Id.* at 877. Cadavedo sought a continuance to ask another agency to reconsider its previous determination rather than to complete its review, but we are satisfied that we have jurisdiction to hear that claim.

B. *Denial of Continuance*

We review the Board's and judge's decision to deny a continuance for abuse of discretion. *Calma*, 663 F.3d at 870. We will not overturn the decision "unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* at 878 (citation and internal quotation marks omitted). "Where, as here, the [Board] agrees with the [immigration judge's] decision but supplements his reasoning, we review the [judge's] decision as supplemented by the [Board]." *Pawlowska v. Holder*, 623 F.3d 1138, 1141 (7th Cir. 2010).

An immigration judge may grant a continuance "for good cause shown." 8 C.F.R. § 1003.29. In evaluating whether the circumstances warrant a continuance to pursue an I-130 petition, the Board and judges presume that "discretion should

be favorably exercised where a prima facie approvable visa petition and adjustment application have been submitted in the course of an ongoing removal hearing." *Hashmi*, 24 I. & N. Dec. at 790. The "focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application." *Id.* And the Board and judges also consider: "(1) the DHS response to the motion; (2) whether the underlying visa petition is prima facie approvable; (3) the respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors." *Id.*

The Board and judge did not abuse their discretion here. Cadavedo's visa petition was not "prima facie approvable" due to the USCIS finding in 2009 that Cadavedo had engaged in marriage fraud. See 8 U.S.C. § 1154(c); 8 C.F.R. § 204.2(a)(1)(ii). We agree with the Board and judge that Cadavedo's "apparent ultimate likelihood of success on the adjustment application" was at best speculative due to the fraud bar. *Hashmi*, 24 I. & N. Dec. at 790.[2]

Nothing in the record indicates that Cadavedo had a solid case to overturn the fraud bar. In his brief, Cadavedo also acknowledges that the possibility that USCIS would agree to to entertain an appeal more than six years late was "nil." The

---

[2] At oral argument, Cadavedo's counsel represented that Cadavedo has obtained an approved I-130 petition. Cadavedo's briefing does not mention this and we have not received any written updates from Cadavedo. Absent information to the contrary, we assume USCIS continues to maintain its fraud bar against Cadavedo. In any case, we review the Board's and immigration judge's use of their discretion, so our review focuses on the information they had when making their decisions.

Board and judge did not abuse their discretion by denying Cadavedo's continuance request on these grounds. See *Souley v. Holder*, 779 F.3d 720, 723 (7th Cir. 2015) (no abuse of discretion in denying motion to continue to allow petitioner's wife to file second I-130 petition after first one was denied); *Calma*, 663 F.3d at 878 ("sound reason" existed for denying continuance when adjustment of status was speculative and, if successful, would occur far into the future).[3]

The judge also properly considered "the reason for the continuance and other procedural factors." *Hashmi*, 24 I. & N. Dec. at 790. Cadavedo requested the continuance during a hearing and after he had received a *de facto* three-month continuance due to the 2013 government shutdown. Nothing in the record suggests that Cadavedo informed the Board or immigration judge of any action he took to contest the fraud bar and obtain an approved I-130 petition during his *de facto* three-month continuance. Nor is there any indication that he did so during the years between USCIS's notification that it had imposed the fraud bar and the 2014 hearing before the immigration judge.

---

[3] Cadavedo asserts that the Board erred in identifying the daughter through whom he wished to have his status adjusted. The Board identified the daughter as the one who was in removal proceedings at the same time as Cadavedo, but he said he intended to seek adjustment of status through a daughter who he says is currently a legal permanent resident in the process of naturalizing. As the Attorney General acknowledges, the Board erred, but that error was harmless: Cadavedo did not claim that his daughter had been naturalized, only that she was applying for it, and the fraud bar would prevent Cadavedo from adjusting his status through any relative. See *Calma*, 663 F.3d at 878 (harmless error analysis applies).

Cadavedo argues that the Board abused its discretion because it failed to consider the factors for granting a continuance the Ninth Circuit identified in *Baires v. INS*, 856 F.2d 89 (9th Cir. 1988). But the Board properly applied the factors from *Hashmi*, 24 I. & N. Dec. at 790. As we have repeatedly recognized, that was the correct legal standard for the Board to apply. See *Adame v. Holder*, 762 F.3d 667, 672–73 (7th Cir. 2014); *Aimin Yang v. Holder*, 760 F.3d 660, 666 (7th Cir. 2014); *Calma*, 663 F.3d at 872. The Board did not abuse its discretion here in affirming the immigration judge's denial of the request for a continuance to seek speculative relief from USCIS's fraud bar.[4]

C. *Due Process*

Cadavedo also argues that the immigration judge's decision not to hold a contested hearing on the fraud charge of removability deprived him of his due process rights by preventing him from challenging the fraud finding in the immigration court. Cadavedo, of course, has a constitutional right to removal proceedings that satisfy the requirements of due process. See *Reno v. Flores*, 507 U.S. 292, 306 (1993). But Cadavedo does not have a due process right to seek relief from removal that is purely discretionary, such as adjustment of status, because he has no protected liberty interest in obtaining such relief. *Hamdan v. Gonzales*, 425 F.3d 1051, 1061 (7th Cir. 2005); see also *Adame*, 762 F.3d at 670. Cadavedo also has not demonstrated that the immigration judge's refusal to let

---

[4] To whatever extent Cadavedo seeks review of the Board's decision to deny him administrative closure, the Board did not abuse its discretion in denying that request for the same reasons stated in this section. See *Vahora v. Holder*, 626 F.3d 907, 919 (7th Cir. 2010) (court of appeals has jurisdiction to review denial of administrative closure for abuse of discretion).

him challenge the fraud bar prejudiced him. See *Souley*, 779 F.3d at 724 (no due process problem because no prejudice from denial of continuance).

In any case, Cadavedo had sufficient process available to him to challenge the fraud bar. As the Attorney General points out, Cadavedo could have moved for reconsideration of USCIS's denial of his petition for adjustment of status and challenged the bar that way. 8 C.F.R. § 103.5(a)(1)(i). Presumably, if Cadavedo could have demonstrated ineffective assistance of counsel in his original petition for adjustment of status, that could provide good reason for USCIS to reconsider its decision. If Cadavedo had taken steps to obtain an approved I-130 petition during his administrative proceedings, he could have asked immigration authorities to reconsider their denial of a continuance on the basis of that new information. 8 C.F.R. § 1003.2 (motion to reopen before Board); 8 C.F.R. § 1003.23 (motion to reopen before immigration judge); *Matter of Coelho*, 20 I. & N. Dec. 464, 471–72 (BIA 1992) (describing motion to remand to immigration judge). The immigration laws and regulations accorded Cadavedo sufficient process.

The petition for review of the Board's decision is DENIED.