NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 23, 2018
Decided June 7, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

Nos. 17-2072 & 17-2325

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee*, | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14 CR 464 |
| FLORENTINA SEGURA, *Defendant–Appellant*. | Edmond E. Chang, *Judge*. |

## O R D E R

On May 12, 2016, a jury convicted Florentina Segura of one count of mail fraud in violation of 18 U.S.C. § 1341 and three counts of making a false claim to the Internal Revenue Service in violation of 18 U.S.C. § 287. Those convictions were the result of Segura's submission of three tax returns, each fraudulently claiming she was due a refund of $300,000. During her trial, Segura sought the testimony of two witnesses to corroborate her defense, but both invoked their Fifth Amendment right against self-incrimination and refused to testify. The district court denied Segura's initial challenge to those invocations, as well as her post-trial motion for an acquittal or a new trial based on the same argument.

Segura's sentencing hearing was originally scheduled for September 27, 2016. After Segura failed to report for a scheduled psychiatric evaluation earlier that same month, the district court issued a bench warrant and vacated the sentencing date. On March 13, 2017, after a series of status hearings, the government requested that the court sentence Segura *in absentia*. The motion stated that 19 days prior to the original sentencing date, a person traveling on a Romanian passport in Segura's name boarded a plane from O'Hare International Airport to Vienna International Airport. The court granted the motion, and on May 10, 2017, sentenced Segura to 51 months' imprisonment.

Segura's counsel timely appealed, raising the same due process and Fifth Amendment issues raised below. The government argues that we should dismiss the appeal because Segura remains at large. We agree.

Under the fugitive disentitlement doctrine, it is within an appellate court's discretion to dismiss the appeal of a fugitive defendant. *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239–40 (1993); *United States v. Jacob*, 714 F.3d 1032, 1034 (7th Cir. 2013). Such a sanction "serves to deter future escapees, maintain an 'efficient, dignified appellate practice,' and prevent courts from issuing unenforceable judgments." *Jacob*, 714 F.3d at 1034 (quoting *Ortega-Rodriguez*, 507 U.S. at 242). Because Segura has fled the country, and there is no indication that she plans to return, dismissal of her appeal is appropriate.

The appeal is DISMISSED.