In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 18-3634

YAYA TOURE,

*Petitioner*,

*v.*

WILLIAM P. BARR,
Attorney General of the United States,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A200-363-680.

---

ARGUED MAY 15, 2019 — DECIDED JUNE 7, 2019

---

Before WOOD, *Chief Judge*, and EASTERBROOK and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. The issue in this petition for judicial review is whether the immigration judge abused her discretion by denying a motion to continue a removal hearing. Petitioner Yaya Toure concedes he is removable. He sought to delay his hearing so that he could belatedly seek lawful permanent residence based on his brief marriage to a United

States citizen, a marriage that immigration authorities had investigated and found to have been a sham. Denial of his request for a continuance was not an abuse of discretion, so we deny the petition.

I.  *Facts & Procedural History*

Yaya Toure was born in Cote D'Ivoire and is a citizen of Mali. He entered the United States on a tourist visa on January 6, 2007. On June 8, 2009, he married Latasha Wolfe, a United States citizen. Conditional on his marriage, the United States Citizen and Immigration Services ("USCIS") granted Toure permanent resident status on December 17, 2009. In September 2011, Toure and Wolfe filed a joint I-751 petition to remove the conditions on residence pursuant to 8 U.S.C. § 1186a(c)(1). If granted, the joint petition would have modified Toure's status so that his residence in the United States would no longer have been contingent upon his marriage to Wolfe.

In considering that joint petition, USCIS interviewed Toure and Wolfe. The agency issued a Notice of Intent to Deny the petition because the marriage seemed to have been motivated by immigration benefits. Toure and Wolfe lived in the same city but were not living together. When they were asked basic questions about each other's lives, their answers conflicted directly. USCIS explained that the couple bore the burden of proving the marriage was not entered into primarily to obtain immigration benefits.

In response, Toure submitted an affidavit asserting that his marriage was *bona fide*, and Wolfe and Toure's attorney also submitted letters saying the marriage was legitimate. USCIS responded on March 15, 2013, finding that the additional evidence was insufficient to rebut its initial finding.

After denying Toure's motion to reconsider, the agency denied the joint I-751 petition and terminated his conditional permanent resident status pursuant to 8 U.S.C. § 1186a(b). On July 18, 2013, the Department of Homeland Security ("DHS") served Toure with a Notice to Appear, advising him that he was subject to removal from the United States under 8 U.S.C. § 1227(a)(1)(D)(i).

On March 12, 2014, Toure appeared before an immigration judge for his master calendar hearing (a brief initial appearance before an immigration judge to determine how the case will proceed). Toure conceded he was removable as charged, but he said that he and Wolfe were still married and that they both intended to proceed with the joint filing, despite the adverse finding by USCIS. He and his lawyer did not tell the immigration judge, however, that he and Wolfe had actually been separated for several months at that time. The immigration judge set the merits hearing on the joint petition for more than three years later, on August 16, 2017. The judge instructed Toure that "if something changes, for a waiver … you have to file" a new petition with USCIS. Toure's attorney assured the immigration judge that he would submit the waiver to the immigration court if Toure's status changed. The court also instructed Toure and his lawyer that any additional filings needed to be received by the court at least fifteen days before the scheduled hearing.

On December 3, 2014, Toure and Wolfe divorced. The decree listed the date of their separation as December 2, 2013, more than three months before Toure's first appearance before the immigration judge. Neither Toure nor his attorney informed the immigration court of this change in status.

On July 11, 2017, nearly two and a half years after his divorce and only a month before the long-scheduled hearing on the merits of his removal, Toure filed a new I-751 petition, this time requesting a waiver of the joint-filing requirement pursuant to 8 U.S.C. § 1186a(c)(4)(B), which allows waiver of the joint-filing requirement if the marriage has ended in divorce. Not until the day of the scheduled merits hearing, however, did Toure inform the immigration judge of this new petition and request a continuance of the merits hearing to allow USCIS time to adjudicate his new, solo I-751 petition and waiver request. Immediately before the hearing, counsel for DHS indicated to Toure's attorney that the agency would consent to a continuance.

The immigration judge, however, denied the oral motion to continue, finding that Toure did not show good cause for the continuance as required by 8 C.F.R. § 1003.29. The judge rejected Toure's explanation for failing to disclose the changes in his status in a timely manner or to request a continuance fifteen days ahead of the hearing, as required. Toure's counsel explained that he did not feel it was important to tell the court about the separation since they were not yet divorced and there was a chance they might reconcile. The judge rejected this argument. Toure was represented by the same attorney in both his immigration and divorce proceedings, meaning counsel knew during the March 2014 hearing that the marriage—which USCIS had already deemed a sham—was also in danger of ending very soon. The judge stated her view that Toure needed to disclose this information before the merits hearing. It also came to light that Toure had had to serve the 2014 divorce decree on Wolfe by publication. He did not know where she lived.

The judge emphasized that Toure had three years between hearings to notify the immigration court of his divorce, to submit a waiver, or to request a continuance. Toure's attorney tried to take the blame, explaining that the delay was due to the length of time between hearings and that the failures to take more timely action were "human error" because he was a sole practitioner. The immigration judge found that counsel's reasons did not demonstrate good cause and denied the motion to continue. The immigration judge explained that she did not have jurisdiction over Toure's new I-751 petition and thus he had no pending matters before the immigration court. The judge then ordered Toure removed to Mali under 8 U.S.C. § 1227(a)(1)(D)(i).

The Board of Immigration Appeals dismissed Toure's appeal. Citing *Matter of L-A-B-R-*, 27 I & N Dec. 405 (A.G. 2018), the Board found that the immigration judge properly denied the request for continuance because the motion was untimely and good cause was not shown. More specifically, the Board dismissed the appeal because Toure's petition for a waiver came nearly three years after his divorce and he did not request a continuance for USCIS to adjudicate the 2017 waiver application until the day of the hearing. The Board found the only reason offered for the delay—that his attorney is a sole practitioner who inadvertently failed to notify the immigration court of the changes in his case—did not satisfy the good cause requirement. Toure petitioned this court for review.[1]

---

[1] We were told at oral argument that Toure has left the United States and entered Canada. We have considered whether we should exercise our discretion to invoke the fugitive disentitlement doctrine to dismiss his petition for judicial review. See *Gutierrez-Almazan v. Gonzales*, 453 F.3d 956 (7th Cir. 2006) (declining to invoke doctrine where petitioner failed to

II. *Analysis*

A. *Scope of Jurisdiction*

Our jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1) extends to whether the Board erred in affirming the denial of a continuance which led to a final order. *Cadavedo v. Lynch*, 835 F.3d 779, 782 (7th Cir. 2016), citing *Calma v. Holder*, 663 F.3d 868, 877 (7th Cir. 2011). Our review of the immigration court's decision would be "foreclosed by § 1252(a)(2)(B)(i) only if the agency's rationale for denying the procedural request also establishes the petitioner's inability to prevail on the merits of his underlying claim." *Calma*, 663 F.3d at 876. We have jurisdiction to review "the denial of a continuance that is sought for purposes of allowing another agency to complete its review." *Id.* at 877.

B. *Denial of the Continuance*

We review the denial of a motion to continue for abuse of discretion. *Giri v. Lynch*, 793 F.3d 797, 800–01 (7th Cir. 2015). When the immigration judge gives a reason for her decision to deny the continuance, "this court will uphold the decision unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Id.* at 801, quoting *Calma*, 663 F.3d at 878.

---

appear for removal on bad advice of lawyer and had since been taken into federal custody); *Sapoundjiev v. Ashcroft*, 376 F.3d 727 (7th Cir. 2006) (invoking doctrine where non-citizens failed to appear for removal and did not voluntarily submit to custody in United States within two months after government invoked doctrine). The main goal of the proceeding was to remove Toure from the United States, and that goal has apparently been accomplished. The case is not moot, though, because affirming the legality of the removal order will have legal consequences if Toure tries to return to the United States in the future.

Because the Board of Immigration Appeals supplemented the immigration judge's reasoning rather than simply adopting her decision, we review the judge's decision as supplemented by the Board's. *Giri*, 793 F.3d at 800.

Toure argues that the immigration judge and Board should have granted the continuance to allow USCIS time to adjudicate his second I-751 petition. He also asserts that they abused their discretion in allowing DHS to renege on its agreement to the continuance because DHS counsel was not ready for the scheduled merits hearing.

"The Immigration Judge may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. Concerned that "[u]njustified continuances" were being used to "provide an illegitimate form of de facto relief from removal," the Attorney General has recently emphasized that this regulation allows an immigration judge to grant a motion for continuance *only* if good cause is shown. *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 411 (A.G. 2018).

At least until recently, the Board said that an immigration judge should consider the following factors when evaluating whether to grant a continuance to give another agency time to adjudicate a collateral matter: "'(1) the DHS response to the motion; (2) whether the underlying visa petition is prima facie approvable; (3) the respondent's statutory eligibility for adjustment of status; (4) whether the respondent's application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors.'" *Cadavedo*, 835 F.3d at 783, quoting *Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (BIA 2009).

Between the immigration judge's and Board's decision in Toure's case, the Attorney General changed this standard in *Matter of L-A-B-R-*, explaining that "immigration courts should continue to apply a multifactor test to assess whether good cause exists for a continuance for a collateral proceeding, but that the decision should turn primarily on the likelihood that the collateral relief will be granted and will materially affect the outcome of the removal proceedings." 27 I. & N. Dec.at 412.

Under either standard, we find no abuse of discretion here. The immigration judge and Board gave rational reasons for the denial. They did not depart inexplicably from established policies, and there is no indication that they rested their decisions on an impermissible basis.

First, though DHS initially agreed to the continuance, it opposed Toure's motion once the timeline of relevant events became clear. Toure gives great weight to the initial agreement and argues it was grounds for a continuance. We assume that the agreement might have been sufficient to have permitted a continuance, but it did not require the judge to grant the continuance. The immigration judge is required to find good cause for the continuance and is not required to grant one merely because the parties agree to one. *L-A-B-R-*, 27 I. & N. Dec. at 416 (immigration judge need not treat DHS's position on requested continuance as controlling: "the regulation does not include an exception for unopposed motions or those filed on consent").

Next, there was no "prima facie approvable" matter pending before the immigration judge or any other agency. Since Toure and Wolfe had filed the joint I-751 petition in 2011, which had been denied, the couple had divorced and Toure

had filed a new I-751 petition asking for a waiver of the joint-filing requirement. As the immigration judge said, she had no authority over the new waiver petition that had not yet been adjudicated by USCIS. See *Matter of Lemhammad*, 20 I. & N. Dec. 316, 322 (BIA 1991) ("original jurisdiction to rule on the merits of the hardship waiver application rests only with the appropriate regional service center director, and not the immigration judge"). This left nothing for the immigration judge to continue but the ultimate disposition of the case. *L-A-B-R-*, 27 I. & N. Dec. at 415 ("The immigration judge should not grant a continuance where the respondent appears to be seeking interim relief as a way of delaying the ultimate disposition of the case.").

Toure's hope that USCIS would grant his waiver was speculative at best. Recall that the discretionary collateral relief he sought was the waiver of the joint-filing requirement. Waiver of the joint-filing requirement may have been available (but was not guaranteed) if Toure could have demonstrated that he would suffer extreme hardship if he were removed and "the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) and the alien was not at fault" in failing to meet the requirements for conditional permanent resident status. 8 U.S.C. § 1186a(c)(4)(B). Toure has not shown any reason to have been optimistic about his new, late, and solo I-751 petition. The USCIS had investigated before, and it had repeatedly found that the marriage had been a sham entered into for purposes of obtaining permanent resident status for Toure.

In short, the judge and the Board did not abuse their discretion in denying the motion to continue to pursue that relief.

See *Cadavedo*, 835 F.3d at 784 ("The Board did not abuse its discretion here in affirming the immigration judge's denial of the request for a continuance to seek speculative relief from USCIS's fraud bar."); *Souley v. Holder*, 779 F.3d 720, 723 (7th Cir. 2015) (denying motion to continue to allow petitioner's wife to file a second I-130 petition was not an abuse of discretion).

In addition, Toure did not diligently pursue this collateral remedy. See *L-A-B-R-*, 27 I. & N. Dec. at 412 ("Good cause also may not exist when the alien has not demonstrated reasonable diligence in pursuing the collateral adjudication"). Under 8 U.S.C. § 1186a(c)(4)(B), Toure was eligible to apply for the waiver once his divorce was final on December 3, 2014, but he waited until July 11, 2017, just three months before his long-scheduled merits hearing. The immigration judge and Board did not abuse their discretion by relying on this untimeliness and the lack of communication to the court in their decision. See *Giri*, 793 F.3d at 801 (no abuse of discretion in denying continuance to allow petitioner time to submit fingerprints when petitioner had more than a year and a half to prepare for merits hearing, had been warned of the deadlines, and did not request a continuance in advance of the hearing).[2]

---

[2] Toure argues that the immigration judge and Board failed to examine the factors set forth in *Hashmi*, 24 I. & N. Dec. at 790. The rationale provided in their decisions satisfies those factors, though, and nothing in *Hashmi* requires that the immigration court analyze each factor independently. We do not find an abuse of discretion because their explanations were not presented in a formulaic, checklist fashion. The factors all weighed against granting a continuance here, which distinguishes this case from *Yang v. Holder*, 760 F.3d 660, 667–68 (7th Cir. 2014) (granting review because immigration judge's and Board's statements of reasons did not meet *Hashmi* standards, and if they had "moved through the

For these reasons, Toure's petition for review is DENIED.

*Hashmi* checklist, the ultimate decision on the continuance would have been better informed").