NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Argued July 10, 2019
Decided July 22, 2019

Before

FRANK H. EASTERBROOK, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

| | |
|---|---|
| No. 18-1229 | |
| ASAD UMRANI,<br>  *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
|    *v.* | |
| WILLIAM P. BARR, Attorney General of the United States,<br>  *Respondent*. | No. A072 695 307 |

**Order**

Asad Umrani, a 44-year-old citizen of Malawi whose mother brought him to the United States when he was 15, filed an untimely motion to reopen his removal proceedings. The Board of Immigration Appeals denied the motion because Umrani has not shown that he qualifies for an exception to the filing deadline and has not demonstrated that exceptional circumstances justified an exercise of the Board's discretion to reopen his case *sua sponte*.

Umrani's mother, Kulsum, brought him to the United States from Malawi in September 1990 on a six-month tourist visa, and they overstayed. In 1995 Kulsum applied

for asylum on behalf of herself and Umrani (20 at the time), stating that she feared political persecution if she returned to Malawi. An immigration judge denied the application in 1996 and granted voluntary departure with an alternate order of removal that would take effect if Kulsum and Umrani did not timely depart. The Board upheld the IJ's decision in 2001. Kulsum and Umrani were given until 2003 to leave for Malawi.

They did not leave. After graduating from DePaul University in 2000, Umrani began working for Umrani Aquatic Ltd., a family business. The company soon filed an Application for Employment Certification, which, if granted, would have allowed Umrani to apply for permanent residence. See 8 C.F.R. §204.5(k)(1), (4). But the Department of Labor denied certification because it found that the company had not made the job available to anyone other than Umrani.

Umrani still did not leave. In 2007 he and his mother filed a joint motion to reopen their asylum case in light of a grant of asylum to Umrani's father, a Pakistani citizen. The Board remanded the case for further proceedings. An IJ granted Kulsum's application in light of her husband's new status. Her case then was severed from Umrani's, which in turn was consolidated with that of his wife, who also applied for asylum.

Umrani's attorney did not file an application to adjust Umrani's status and instead attempted to relitigate his asylum claim based on conditions in Pakistan, which is not Umrani's country. The IJ explained that the 1996 asylum decision was final and that the Board had reopened Umrani's case to consider only whether he could adjust his status based on a family member's approved application for asylum. But Umrani was ineligible for that relief because he is no longer a minor and his wife had not been granted asylum. The IJ severed Umrani's case from his wife's, denied Umrani's request to adjust his status, and reinstated the 1996 order of removal. In 2009 the Board upheld the IJ's order.

Yet again Umrani disobeyed the order to leave. In 2013 International Financial Group of Chicago filed an Application for Employment Certification on Umrani's behalf. This time the Department of Labor certified the application. International Financial Group then petitioned for Umrani to become a permanent resident. But United States Citizenship and Immigration Services closed his case on jurisdictional grounds after interviewing him, presumably in light of the outstanding order of removal.

Still in the United States in 2017, Umrani moved the Board to reopen his immigration proceedings in light of the Department of Labor's decision to approve his employment application, but the Board denied the motion as untimely. Any request to reopen the Board's 2009 decision was due within 90 days, and the Board concluded that Umrani had not met any exception. See 8 C.F.R. §1003.2(c)(2)–(3). Nor had he "shown that an exceptional situation exist[ed] that would warrant the Board's exercise of its discretion

to reopen these proceedings *sua sponte*." See also *Matter of G-D-*, 22 I. & N. Dec. 1132, 1134–36 (BIA 1999).

In this court Umrani contends that the Board cited non-analogous decisions when denying his motion to reopen, but he does not argue that he satisfied any of the regulatory exceptions to the 90-day time limit. Instead he asserts that his employment certification is an exceptional situation that should have led the Board to reopen his case *sua sponte*.

We lack jurisdiction to review the Board's discretionary decisions about who should be allowed to remain in the United States. See 8 U.S.C. §1252(a)(2)(B); *Kucana v. Holder*, 558 U.S. 233, 243–52 (2010). *Calma v. Holder*, 663 F.3d 868, 876–78 (7th Cir. 2011), holds that we may review the Board's discretionary procedural rulings, so long as the rationale underlying such a ruling does not resolve the alien's underlying claim. See also *Toure v. Barr*, 926 F.3d 403, 407 (7th Cir. 2019). The Supreme Court has granted certiorari on a related question: whether a request for equitable tolling, as it applies to motions to reopen, is judicially reviewable as a "question of law." See *Guerrero-Lasprilla v. Sessions*, cert. granted, No. 18–776 (U.S. June 24, 2019). Although *Guerrero-Lasprilla* may decide whether the distinction we drew between procedural and substantive discretionary rulings under §1252(a)(2)(B) is tenable, the outcome does not matter here. The Board's decision, though phrased in procedural language, resolves a substantive issue: whether the reason Umrani has given could suffice to keep him in the United States. The Board's answer is not reviewable—and Umrani has not preserved his argument given his failure even to *argue* that he has made out any regulatory ground for an untimely filing. See 8 C.F.R. §1003.2(c)(3).

It does not help Umrani to argue that the Board should have reopened *sua sponte*. The 90-day deadline applies only to motions filed by aliens; it does not apply to decisions that the Board makes of its own volition. But a "request to reopen *sua sponte*" is an oxymoron; anything the Board does in response to a motion is not *sua sponte* and thus is covered by the 90-day deadline. At all events, we have held that a decision to reopen (or not) *sua sponte* is entirely within the Board's discretion and not subject to judicial review. See, e.g., *Anaya-Aguilar v. Holder*, 683 F.3d 369, 371–73 (7th Cir. 2012).

The petition for review is dismissed for want of jurisdiction.