In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-1673

RICARDO SANCHEZ,

*Petitioner*,

*v.*

JEFFERSON B. SESSIONS III,
  Attorney General of the United States,

*Respondent*.

Motion to Stay Removal Ordered by the
Board of Immigration Appeals.
No. A205-830-444.

SUBMITTED MAY 5, 2017 — DECIDED MAY 24, 2017

Before BAUER, POSNER, and FLAUM, *Circuit Judges*.

POSNER, *Circuit Judge*. Before us is a petition for review of
the refusal of the Board of Immigration Appeals to reopen its
order removing (i.e., deporting) the petitioner, Ricardo
Sanchez, and a motion by the petitioner to stay his removal
pending a definitive ruling on his petition, and finally a
statement by the Department of Justice opposing both the
petition and the motion.

An illegal immigrant, Sanchez conceded his removability at a hearing before an immigration judge, but applied for cancellation of removal for nonpermanent residents. See 8 U.S.C. § 1229b(b). To obtain that relief he had to show that he had been physically present in the United States for at least 10 years and that during that period he was a person of good moral character. *Id.* He also had to establish that his removal would result in "exceptional and extremely unusual hardship" to his U.S.-citizen children. *Id.* (He has three children, ages eight years, six years, and fifteen months, and lives with them and his wife, who also lacks legal-resident status.)

He testified that he was the primary breadwinner for his family, having worked at the same pizza restaurant for the past eighteen years, and that he feared that his removal would wreak extreme hardship on his children because he wouldn't be able to provide for his family with the wages that he would earn in Mexico. He admitted having been convicted four times in the past sixteen years of driving under the influence, and that he had twice violated conditions of his bond.

The immigration judge concluded that because of the DUI convictions Sanchez had failed to demonstrate good moral character. The immigration judge also concluded that Sanchez had failed to establish that his removal would result in exceptional and extremely unusual hardship for his children, because he was unable to answer questions about whether his family would follow him to Mexico. And so the immigration judge denied the application for cancellation of removal.

Sanchez appealed to the Board of Immigration Appeals, which, agreeing with the immigration judge, dismissed the

appeal. Sanchez filed a timely motion with the Board to reopen his appeal; represented by new counsel, he argued that his original counsel had failed to prepare him for his hearing before the immigration judge. As a result he had failed to testify that his two older children are native English speakers who speak little Spanish; that his third child, who had not yet been born at the time of the removal hearing, has been diagnosed with delayed motor development, requiring three months of weekly physical therapy; and that he had filed tax returns for the preceding several years. Again the Board rejected his appeal, precipitating the petition and motion now before us for resolution.

There is a threshold question whether this court has jurisdiction to review the denial of Sanchez's motion to reopen, given that we would not have jurisdiction over the underlying request for relief—cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). But we do have jurisdiction to review questions of law. 8 U.S.C. § 1252(a)(2)(D). And in *Mata v. Lynch*, 135 S. Ct. 2150, 2155 (2015), the Supreme Court said that "whenever the Board [of Immigration Appeals] denies an alien's statutory motion to reopen a removal case, courts have jurisdiction to review its decision." And the First Circuit, citing *Mata*, has asserted jurisdiction over a motion to reopen in a case where the petitioner, as in the present case, was seeking a form of discretionary relief (a waiver under 8 U.S.C. § 1182(h)) from removal that would not otherwise be reviewable by the court. *Mazariegos v. Lynch*, 790 F.3d 280, 285 (1st Cir. 2015). The government has not responded to Sanchez's invocation of *Mata* in the present case.

Assuming as we do that we have jurisdiction to review the Board's denial of Sanchez's motion to reopen, we shall

exercise it, and order Sanchez's removal stayed pending our review of the Board's denial of his motion for reconsideration. The Board noted that Sanchez had attached to his motion new evidence in support of his ineffective-assistance-of-counsel claim, including affidavits from Sanchez and others, information about his U.S.-citizen children, and records pertaining to his criminal history. The Board concluded, but without explanation, that none of the evidence "would have likely altered the outcome of this case with regard to the hardship that would accrue to his children." Although the Board is not required "to write an exegesis on every contention" of an alien fighting removal, a blanket rejection of all the alien's evidence precludes meaningful review of its decision. *Ji Cheng Ni v. Holder*, 715 F.3d 620, 625–30 (7th Cir. 2013).

The government also failed to respond to Sanchez's argument that he and his family will suffer irreparable harm if he is removed to Mexico before his petition to reopen the removal proceeding is resolved. See *Nken v. Holder*, 556 U.S. 418, 426 (2009). He is his family's primary breadwinner, supporting his wife and their three young children. Sanchez expresses concern that he won't be able to support his family, who are expected to remain in Ohio, with whatever wage he can make in Mexico, and that his youngest son will be unable to continue with the therapy he needs if Sanchez's wife is forced to go back to work to support the family. He further argues that his removal should not be a priority for the Department of Homeland Security because the decision to remove him was not based on his criminal convictions.

Given the irreparable harm that Sanchez's removal could inflict on his minor U.S.-citizen children, we have decided to

stay the order of removal until we rule on his petition for review of the decision of the Board of Immigration Appeals denying his motion to reopen.

So ordered.