┌─────────────────────────────────────────────────┐
│              **NONPRECEDENTIAL DISPOSITION**              │
│ To be cited only in accordance with Fed. R. App. P. 32.1 │
└─────────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 3, 2021[*]
Decided August 9, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-3446

| | |
|---|---|
| EDGAR PEREZ-BUJDUD, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A200-144-105 |
| MERRICK B. GARLAND, Attorney General of the United States, *Respondent*. | |

## O R D E R

Edgar Perez-Bujdud, a 45-year-old Mexican citizen whose application for cancellation of removal was denied, petitions us to review the Board of Immigration Appeals' denial of his motion to reopen his removal proceedings. He sought reopening on two grounds: first, because he had new and material evidence concerning the hardship his removal would cause his then-minor daughter, and second, because he wished to pursue asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because we lack jurisdiction to review the Board's

---

[*] We granted the parties' joint motion to waive oral argument so this appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2)(C).

discretionary ruling on hardship, we dismiss the petition as to Perez-Bujdud's request to reopen his cancellation-of-removal proceedings. We deny the remainder of the petition because the Board did not abuse its discretion in denying reopening.

**Background**

Perez-Bujdud overstayed his visa after entering the country as a visitor in 1997. He has two children: a daughter, born in 2003 to a U.S.-citizen mother, and a son, born in 1996 to a non-citizen mother. In 2012, he was served with a Notice to Appear and charged as removable because he had not been lawfully admitted or paroled into the country. *See* 8 U.S.C. § 1182(a)(6)(A)(i). In 2014, he applied for cancellation of removal on the basis that his removal would cause "exceptional and extremely unusual hardship" to his then-11-year-old, U.S.-citizen daughter. 8 U.S.C. § 1229b(b)(1)(D).

At a hearing before an immigration judge in 2018, Perez-Bujdud, his daughter (then 15), and his daughter's mother testified about this hardship. They testified Perez-Bujdud did not have full custody of his daughter, but his relationship with her was close: He saw her almost every weekend, they spoke during the week, and he attended all her sporting events and school conferences. Perez-Bujdud also financially supported her, paying about $300 in monthly child support and an additional $120 a month to purchase school supplies, clothes, and other necessities. If he were removed, Perez-Bujdud said, he could not continue his financial support, and his daughter's mother would not be able to sustain her lifestyle alone. Both parents expressed concern that Perez-Bujdud's removal would emotionally harm their daughter, and his daughter testified that she "could go into deep depression" if her father were not in her life.

The IJ denied the application for cancellation of removal and ordered Perez-Bujdud removed. Although he met the residency and moral-character prerequisites for cancellation, the IJ found Perez-Bujdud did not show that removal would result in "exceptional and extremely unusual hardship" to his daughter. Notably, his daughter did not have any serious health issues. Also, even though Perez-Bujdud's removal would have economic consequences, his daughter lived with her mother, who had full custody and was working full-time. Ultimately, Perez-Bujdud did not establish that his removal would cause "significant hardships over and above the normal economic and social disruptions involved" when a parent is removed. The Board upheld the IJ's determination on appeal, and Perez-Bujdud did not petition this court for review.

Perez-Bujdud did, however, promptly ask the Board to reopen his removal proceedings. First, he sought to provide additional evidence of hardship: a

psychological evaluation of his daughter from July 2020 diagnosing her with depression, anxiety, and stress, and noting suicidal thoughts; and a George Washington University study dated March 2020 on how Latino adolescents have a higher risk of suicidal thoughts and substance abuse when family members are removed. Second, he sought to apply for asylum, withholding of removal, and CAT relief based on changed country conditions in Mexico—conditions that he said had become even more dangerous for deportees from the United States since the onset of the COVID-19 pandemic. In support, he provided affidavits attesting to an increase in violence; articles about removed citizens who were killed upon their return; the 2019 U.S. Department of State Country Report on Human Rights Practices for Mexico; and his statement that his son in Mexico recently had been robbed and assaulted by cartel members.

The Board denied reopening. First, the Board ruled Perez-Bujdud had not shown that most of his evidence was previously unavailable. Second, the evidence was insufficient to establish Perez-Bujdud's prima facie eligibility for the relief he sought. Regarding his application for cancellation of removal, the Board found the psychological assessment of his daughter was inadequate to show hardship that would be exceptional and extremely unusual. And regarding his application for asylum and related relief, the Board found the evidence insufficient to establish materially changed conditions in Mexico or a reasonable possibility that Perez-Bujdud would face persecution or torture if removed.

Perez-Bujdud now petitions for review of the Board's denial of his motion to reopen. He contends the Board overlooked his new and material evidence in support of cancellation of removal, asylum, and related relief, without adequate explanation. He also asserts his evidence was previously unavailable.

## Analysis

The Board may deny a motion to reopen if (1) it is not supported by previously unavailable and material evidence; (2) it fails to establish a prima facie case for the relief sought; or (3) the Board finds discretionary relief not appropriate. *Yahya v. Sessions*, 889 F.3d 392, 395 (7th Cir. 2018). Any single basis is dispositive. *See Perez-Perez v. Wilkinson*, 988 F.3d 371, 374 (7th Cir. 2021); *Moosa v. Holder*, 644 F.3d 380, 386–87 (7th Cir. 2011). This court reviews the Board's denial of a motion to reopen for abuse of discretion. *Perez-Perez*, 988 F.3d at 374.

As a preliminary matter, the Attorney General contends Perez-Bujdud has waived any challenge to the Board's determinations that he failed to demonstrate the

requisite hardship to his daughter or a reasonable possibility that he would suffer persecution or torture. The Attorney General urges us to construe Perez-Bujdud's opening brief as "addressing only the availability of his evidence," but simultaneously acknowledges his broader contention—that the Board's "lack of explanation" for rejecting his evidence warrants remand. We reject the assertion of waiver and read Perez-Bujdud as raising some "semblance" of two arguments, *Haxhiu v. Mukasey*, 519 F.3d 685, 691 (7th Cir. 2008): (1) that the Board's analysis was so curt, in effect, it ignored his material evidence in support of hardship, *see Iglesias v. Mukasey*, 540 F.3d 528, 530–31 (7th Cir. 2008); and, (2) that the Board concluded irrationally that he did not make out a prima facie case for asylum and related relief. *See Moosa*, 644 F.3d at 384.

Perez-Bujdud still faces a jurisdictional hurdle. We lack jurisdiction to review a discretionary agency decision, such as whether an applicant for cancellation of removal has met the hardship requirement. 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez-Baez v. Wilkinson*, 986 F.3d 966, 970, 976 (7th Cir. 2021). Moreover, where we lack jurisdiction to review the underlying decision, we also lack authority to review the denial of a motion to reopen the decision. *Sanchez v. Sessions*, 894 F.3d 858, 862 (7th Cir. 2018). But we retain jurisdiction over legal questions, such as whether the Board completely ignored an applicant's evidence of hardship. *See Simental-Galarza v. Barr*, 946 F.3d 380, 383 (7th Cir. 2020); *Iglesias*, 540 F.3d at 531.

To this end, Perez-Bujdud argues the Board ignored his new and material evidence in support of cancellation of removal—specifically, his daughter's July 2020 psychological evaluation and the George Washington University study—both of which, in his view, undermine the IJ's conclusion that he could not show hardship "due to [his daughter's] lack of medical and psychological issues." But this argument, at bottom, is an impermissible challenge to the Board's discretionary weighing of the evidence. The Board did not wholesale ignore the evidence. Rather, it acknowledged the psychological evaluation and George Washington University study and then found, albeit succinctly, these sources were insufficient to establish exceptional and extremely unusual hardship to Perez-Bujdud's daughter. *See Cisneros v. Lynch*, 834 F.3d 857, 866 (7th Cir. 2016). Perez-Bujdud asserts that the Board should have discussed his evidence more thoroughly, but that argument cannot properly be framed as one of legal error. *See Martinez-Baez*, 986 F.3d at 976; *Jawad v. Holder*, 686 F.3d 400, 404 (7th Cir. 2012). We thus lack jurisdiction over the portion of this petition involving cancellation of removal.

That leaves Perez-Bujdud's challenge to the denial of his motion to reopen so he could apply for asylum, withholding of removal, and CAT relief based on changed

country conditions. He argues the Board ignored his evidence justifying relief—an apparent reference to reports of removed citizens facing harm upon returning to Mexico, the affidavits attesting to increased dangers there, and his son's robbery. But Perez-Bujdud has not shown that the Board abused its discretion in ruling as it did because he does not explain how his evidence reflected either changed country conditions or a reasonable possibility of serious harm if he were removed. Even if his evidence suggested he might be targeted for crime amid the widespread violence and cartel activity in his home state of Veracruz, a fear of general crime and violence is not a basis for asylum, withholding of removal, or CAT protection. *See Orellana-Arias v. Sessions*, 865 F.3d 476, 487–89 (7th Cir. 2017). Simply put, Perez-Bujdud has not met his burden of proving that the Board failed to properly consider his evidence. *See id.* at 489.

For these reasons, Perez-Bujdud's petition for review is DISMISSED in part and DENIED in part.