In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 21-2889

JOSEFINA BUSTOS-MILLAN, GRETHEL MORALES-SEDANO,
JOSEFINA SEDANO-BUSTOS, JUNNY SEDANO-BUSTOS, MARTHA
SEDANO-BUSTOS, and OSCAR SEDANO-BUSTOS,

*Petitioners*,

*v.*

MERRICK B. GARLAND, Attorney General of the United States,

*Respondent*.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals.
Nos. A209-994-465, A209-994-647, A209-989-147, A209-994-729,
A209-994-466, A209-989-146

_____

ARGUED NOVEMBER 8, 2023 — DECIDED AUGUST 6, 2024

_____

Before ROVNER, JACKSON-AKIWUMI, and PRYOR, *Circuit
Judges*.

JACKSON-AKIWUMI, *Circuit Judge*. Petitioners are a family
of six Mexican citizens who entered the United States without
authorization. When immigration authorities initiated

removal proceedings against them, they hired an attorney to help them apply for asylum. That attorney, despite having nearly fifteen months to prepare, waited until eight days before the hearing to request a continuance. The Immigration Judge (IJ) denied the motion in open court and began the hearing, prompting the attorney to profess that she could not proceed due to a lack of preparation. As a result, the IJ construed Petitioners' asylum applications as abandoned and ordered Petitioners' removal. The Board of Immigration Appeals (BIA) affirmed the IJ's decision.

Petitioners now seek relief in our court. They argue that the IJ erred in denying their continuance, and the attorney who previously represented them was ineffective. Before we reach those claims, we dismiss two Petitioners over whom we lack jurisdiction. We must deny the four remaining family members' petitions because the IJ did not abuse his discretion in refusing to continue their hearing. And although we are concerned about the quality of representation Petitioners received, they did not present their ineffective assistance of counsel claim to the BIA, so our hands are tied.

**I**

Petitioners entered the United States without authorization in December 2016. When they were discovered, the Department of Homeland Security took them into custody and initiated removal proceedings. In response, Petitioners hired Constance Doyle to represent them. Shortly after being retained, Doyle filed on Petitioners' behalf applications seeking to obtain asylum and withhold removal proceedings under the Convention Against Torture.

The applications discussed the dangers Petitioners face if they return to Mexico. For example, Josefina Bustos-Millan's application recounted how "gang members or corrupt members of the police" kidnapped her daughter. She and other family members expressed fear that gangs would target them if they returned.

After receiving the applications, the IJ scheduled a hearing for February 5, 2019, nearly fifteen months into the future. Despite this lead time, Doyle did not file a motion to continue until eight days before the hearing. In that motion, Doyle claimed the government shutdown—which began December 22, 2018, and ended January 25, 2019—interrupted her preparation for the hearing. She repeated this excuse at the hearing, adding, when the IJ asked her to expound, that the shutdown thwarted her attempt to file certain documents.

The IJ was unmoved. He found that although the government shutdown could excuse a late filing of documents (relief Doyle had not requested), it did not amount to good cause to continue the hearing because of the fifteen months that had elapsed. He offered Doyle the opportunity to file the late documents that very day and to present her clients' case, beginning with the step of having her clients certify that their applications were true and accurate. But Doyle told the IJ that she did not have with her any of the documents she had planned to file, and she was not prepared to have Petitioners attest to the accuracy of their applications or otherwise testify. "I cannot in good conscious go forward," Doyle said. Consequently, the IJ deemed the Petitioners' applications abandoned and ordered their removal.

Still represented by Doyle, Petitioners appealed the IJ's decision to the BIA. They argued that the IJ did not properly

consider how the government shutdown impacted Doyle's ability to prepare. They also asserted that the IJ prevented Doyle from explaining the basis for the motion to continue, in violation of their due process rights.

The BIA dismissed the appeal. It rejected the notion that counsel was not permitted to explain the basis for the motion, and questioned why the explanation had not been included in the motion itself (indeed, the motion did not include the extra details about counsel's excuse that she offered at the hearing and, later, in Petitioners' brief on appeal to the BIA). The BIA also noted that counsel did not identify what arguments she would have advanced in support of Petitioners' applications, and thus could not show prejudice on appeal.

Petitioners now ask us to review the BIA's decision. But before we proceed, we must clarify which Petitioners are properly before us. After the BIA's decision but before the case reached us, the United States Citizenship and Immigration Services approved applications for special immigrant status for Petitioners Josefina Sedano-Bustos and Junny Sedano-Bustos. As a result, the IJ reopened their cases and terminated their removal proceedings. That termination means Josefina Sedano-Bustos's and Junny Sedano-Bustos's applications are not final, so we do not have jurisdiction over their cases. We therefore dismiss them from this appeal. *See* 8 U.S.C. § 1252(a)(1). Our review is limited to the petitions presented by Josefina Bustos-Millan, Grethel Morales-Sedano, Martha Sedano-Bustos, and Oscar Sedano-Bustos.

## II

The remaining Petitioners, now represented by new counsel, press two issues for our review. First, they ask us to hold

that the IJ abused his discretion in denying their motion for a continuance. Second, they ask us to grant them a new hearing because their prior counsel was ineffective.

**A**

We begin with the motion for a continuance. Federal regulations provide that an immigration court may grant a continuance for "good cause shown." 8 C.F.R. § 1003.29. We review the denial of a motion to continue for abuse of discretion, reversing only if the decision "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." *Giri v. Lynch*, 793 F.3d 797, 801 (7th Cir. 2015). Nothing in the record suggests that the IJ abused his discretion by denying the motion. The IJ heard Doyle's reasons for the request and justified his decision to deny it. He was not required to do more.

We have upheld an IJ's discretionary denial of a motion to continue in cases where petitioners or their counsel fail to prepare for a hearing. *See, e.g.*, *Umezurike v. Holder*, 610 F.3d 997, 1004 (7th Cir. 2010) (holding that, even aside from petitioner's failure to timely file documentary evidence, petitioner's failure to get fingerprinted as ordered by the court "alone is reason" to find IJ did not abuse her discretion in denying the motion to continue); *Juarez v. Holder*, 599 F.3d 560, 565 (7th Cir. 2010) (holding that IJ did not abuse his discretion in denying motion to continue after petitioners failed to submit fingerprints or timely file applications). We reiterate here that when petitioners or counsel fail to adequately prepare for a hearing, an IJ does not abuse his discretion by denying a motion to continue.

Petitioners insist *Matter of Hashmi,* 24 I. & N. Dec. 785 (B.I.A. 2009), supports their argument that the IJ abused his discretion. Not so. In *Matter of Hashmi,* the noncitizen asked the IJ to continue his removal proceedings so the Department of Homeland Security could adjudicate his status adjustment application based on his marriage to a United States citizen. *Matter of Hashmi,* 24 I. & N. Dec. at 785–86. The *Hashmi* court outlined several factors IJs should consider when evaluating motions to continue where an immigrant is involved in other proceedings. Contrary to Petitioners' argument, those factors do not apply here because there is no record evidence suggesting Petitioners were involved in any other proceedings when their hearing took place. And even if there were such evidence, we would look not to *Hashmi*, but to the factors in *Matter of L-A-B-R-*, 27 I. & N. Dec. 405 (B.I.A. 2018), to determine whether a continuance was warranted. *See Toure v. Barr*, 926 F.3d 403, 407 (7th Cir. 2019) (explaining that "the Attorney General changed this standard [from the *Hashmi* factors] in *Matter of L-A-B-R-*.").

Petitioners also contend that the IJ violated the due process rights guaranteed by the Fifth Amendment when he denied their continuance. We disagree for two reasons. One, the IJ gave Petitioners the opportunity to argue for a continuance on the record. The IJ said: "if you want to be heard on the motion to continue, please tell the Court why you believe a motion to continue at this point is necessary." In the end, the IJ just did not find counsel's argument persuasive given the time counsel had to prepare. Two, we have explained that denying a motion to continue when parties have had ample time to prepare does not violate due process. *See Giri*, 793 F.3d at 802; *Juarez*, 599 F.3d. at 566.

**B**

Petitioners' second issue for review is the ineffectiveness of their counsel, Constance Doyle, before the immigration court and the BIA. We review claims for ineffective assistance of counsel de novo. *Coleman v. United States*, 318 F.3d 754, 757 (7th Cir. 2003). While there is no Sixth Amendment right to counsel in asylum and removal proceedings, noncitizens can bring ineffective assistance claims under immigration statutes or the due process guarantee of the Fifth Amendment. *See Alvarez-Espino v. Barr*, 959 F.3d 813, 817 (7th Cir. 2020). For Petitioners to prevail on their ineffective assistance claim, they must show that (1) Doyle's error was "so unfair as to have precluded [them] from reasonably presenting [their] case," and (2) they were prejudiced as a result. *Sanchez v. Sessions*, 894 F.3d 858, 862 (7th Cir. 2018).

It is a high standard, but reasonable jurists might find it met on the facts of this case. Despite knowing about Petitioners' hearing nearly fifteen months in advance, Doyle failed to prepare and waited until the eleventh hour to request a continuance. And it is clear from the hearing transcript that Doyle's unpreparedness was the direct cause of the IJ's finding that Petitioners had abandoned their asylum and withholding of removal applications. *Sanchez*, 894 F.3d at 863 (explaining that prejudice occurs when counsel's errors had the potential to affect the outcome of the proceedings).

Unfortunately for Petitioners, however, we are not permitted to reach their ineffective assistance of counsel claim. That is because noncitizens in removal proceedings must exhaust all administrative remedies before seeking judicial review of ineffective assistance claims. *See Long-Gang Lin v. Holder*, 630 F.3d 536, 542 (7th Cir. 2010); *see also* 8 U.S.C. § 1252(d)(1).

Petitioners did not raise their ineffective assistance claim before the BIA in the first instance, so we cannot consider it here.

We recognize that this rule creates something of a catch-22 for Petitioners, who were represented by the same counsel in immigration court and before the BIA. It is rare that an attorney on appeal will admit that they have been ineffective. So, in cases like this one where a petitioner is represented by the same counsel at both levels of the proceeding, equitable considerations might militate in favor of an exception to the exhaustion requirement. It turns out, although not an exception, the immigration regulations did offer Petitioners a backstop of sorts: the motion to reopen. *See* 8 CFR § 1003.2(c).

The motion to reopen gives noncitizens 90 days to challenge final administrative decisions like those from the BIA. *See id*. § 1003.2(c)(2). If a noncitizen wishes to raise an ineffective assistance claim against the attorney who represented the noncitizen before both the IJ and BIA, they have 90 days to retain new counsel and make their motion. *See* 8 U.S.C. § 1229a(c)(7); *Castaneda-Suarez v. I.N.S.*, 993 F.2d 142, 145 (7th Cir. 1993) (requiring petitioner to first present ineffective assistance claim in a motion to reopen before the BIA).

Granted, this backstop is not always available. The 90-day deadline for filing motions to reopen is tight, so sometimes petitioners cannot hire new counsel in time. Added to that is the fact that most noncitizens in removal proceedings do not know they have been ill-served by their counsel until they seek a second opinion much later. In these situations, petitioners have two options: (1) they can persuade the government to agree to reopen their removal proceedings, *see* 8 C.F.R. § 1003.23(b)(4)(iv), or (2) they can argue to the BIA for equitable tolling of the motion to reopen deadline, *see, e.g.*, *Patel v.*

*Gonzales*, 442 F.3d 1011, 1013–14 (7th Cir. 2006). Petitioners did not ask the BIA for equitable tolling of the motion to reopen deadline, so we do not reach this issue.

But given the gravity of the consequences Petitioners face because their counsel was unprepared, this might be a case where the government should consider agreeing to reopen the proceedings in the name of justice. *Castaneda-Suarez*, 993 F.2d at 144 ("[C]ourts have consistently held that counsel at a deportation hearing may be so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause.") (cleaned).

### III

We DISMISS Josefina Sedano-Bustos and Junny Sedano-Bustos from this appeal for lack of jurisdiction. Four Petitioners remain: Josefina Bustos-Millan, Grethel Morales-Sedano, Martha Sedano-Bustos, and Oscar Sedano-Bustos. But because the IJ did not abuse his discretion in denying the motion to continue and because Petitioners did not raise their claim for ineffective assistance of counsel before the BIA, we must DENY their petitions for review.