In the

# United States Court of Appeals

## For the Seventh Circuit

_____

Nos. 18-3021 & 19-2055

FRANCO DAMIAN FERREYRA,

*Petitioner*,

*v.*

WILLIAM P. BARR, Attorney General
of the United States,

*Respondent*.

_____

Petitions for Review of an Order of the
Board of Immigration Appeals.[1]
No. A204-076-881

_____

ARGUED APRIL 28, 2020 — DECIDED JUNE 16, 2020

_____

Before EASTERBROOK, RIPPLE, and SCUDDER, *Circuit Judges*.

RIPPLE, *Circuit Judge*. Franco Damian Ferreyra, a citizen of
Argentina, seeks review of an order of the Board of Immi-
gration Appeals mandating his removal from the Unit-

_____

[1] *See infra* note 2.

ed States.[2] The Board upheld the validity of a waiver, signed upon Mr. Ferreyra's entry into the United States, that prevents Mr. Ferreyra from contesting removal for reasons other than persecution and torture. The Board determined that Mr. Ferreyra was ineligible for relief on either of those grounds, and that, given the waiver, it could not consider his requests for cancellation of removal based on family hardship.

We conclude that the record supports the Board's determination that Mr. Ferreyra did not present a case warranting relief because of a credible fear of persecution or torture. We further conclude that the Board correctly held that the waiver is valid and that Mr. Ferreyra therefore cannot present a claim for cancellation of removal based on family hardship. Accordingly, we deny the petition for review.

---

[2] During the pendency of these immigration proceedings, Mr. Ferreyra also filed a petition for writ of habeas corpus in federal district court, seeking declaratory and injunctive relief from the final removal order of the Department of Homeland Security. He argued that the evidence did not show that he validly had waived his rights under the Visa Waiver Program and that his continued detention violated his due process rights. Because the courts of appeals have exclusive jurisdiction to review orders of removal, *see Padilla v. Gonzalez*, 470 F.3d 1209, 1213 (7th Cir. 2006) (holding that "Congress clearly intended the courts of appeals to be the one judicial forum for hearing challenges to administrative removal orders"), the district court transferred the case to this court rather than dismiss it. Mr. Ferreyra's habeas petition, like his petition for review of the order of the Board of Immigration Appeals, challenges his final order of removal; therefore, we have consolidated the two cases. The petition for habeas corpus is duplicative and therefore moot.

## I.

## BACKGROUND

In December 2001, Mr. Ferreyra, then thirteen years old, entered the United States under the Visa Waiver Program, 8 U.S.C. § 1187. This program allows foreign visitors to come to the United States for ninety days without first obtaining a visa. *Id.* § 1187(a)(1). To qualify, the visitor must have a passport from a participating country and waive the right to contest removal, except based on asylum. *Id.* § 1187(a)–(b). At the time of entry, the visitor must "present a completed, signed Form I–94W, Nonimmigrant Visa Waiver Arrival/Departure Form." *See* 8 C.F.R. § 217.2(b)(1). Because Mr. Ferreyra was a minor at the time, the waiver was signed on his behalf by one of his parents.[3] Mr. Ferreyra's visa expired on March 20, 2002, but he did not leave the United States.

In 2018, the Government charged Mr. Ferreyra as removable because he had stayed in the United States beyond the ninety-day limit permitted by his visa. Mr. Ferreyra conceded the allegation. Specifically, he admitted that he had entered the United States under the Visa Waiver Program, that he had "signed and agreed to the conditions stated on Form I–94W, … which explained to [him] the conditions of admission under the Visa Waiver Program," and that he overstayed his authorized period.[4] He further admitted that, as a

---

[3] The record of Mr. Ferreyra's bail hearing contains an acknowledgement that his parents signed a waiver of rights on his behalf. *See* A.R. (19-2055) at 70 n.2.

[4] A.R. (18-3021) at 4.

condition to entering the United States under the program, he had "waive[d] [his] right to contest any removal action, other than on the basis of an application for asylum."[5] He also declared that he wished to apply for asylum and protection. Immigration authorities therefore placed him in "asylum-only" proceedings.

In seeking asylum (and two related forms of relief, withholding of removal and relief under the Convention Against Torture), Mr. Ferreyra claimed that, if removed to Argentina, he would face persecution based on his membership in a particular social group—his family.[6] He also sought cancellation of removal, based on hardship to his family if he were removed.

At his immigration hearing, Mr. Ferreyra related that, when he was a child in Argentina, his uncle had sexually assaulted him. He further stated that his uncle still lived there and that he feared his uncle might harm him if he sought help from the Argentinian police. He testified that his uncle threatened him and warned that he would kill him if he told anyone about the assault. Mr. Ferreyra added that all he has in Argentina is family, and because his uncle is a part of his family, he was terrified to go back.

The IJ denied Mr. Ferreyra asylum and related relief. The IJ concluded that Mr. Ferreyra had failed to show that his uncle had targeted him based on his family membership. Ra-

---

[5] *Id.*

[6] He further requested release on bond pending his immigration hearing, but the IJ ruled that immigration courts lack jurisdiction to determine the custody status of asylum-only immigrants. A.R. (19-2055) at 313.

ther, the IJ found, the evidence showed that Mr. Ferreyra was a "victim of convenience."[7] Furthermore, Mr. Ferreyra had not demonstrated that the government of Argentina was unable or unwilling to protect him. When he was assaulted, he was a child with no ability to ask the police for help; however, that did not mean that the government would have been unable to help him had it known of the crime. The IJ also ruled that Mr. Ferreyra had not presented any evidence that he would be tortured if he returned to Argentina. Finally, the IJ denied Mr. Ferreyra's request to apply for cancellation of removal based on family hardship, reasoning that, in the asylum-only proceedings, Mr. Ferreyra could apply only for asylum, withholding of removal, and protection under the Convention Against Torture.

The Board, acting through a single member,[8] dismissed Mr. Ferreyra's appeal.[9] The Board held that Mr. Ferreyra had

---

[7] A.R. (19-2055) at 103.

[8] Mr. Ferreyra argues that the Board inappropriately failed to refer his appeal to a three-member panel. He contends that his case should have been referred to a three-member panel because the IJ's decision did not conform with the law and it required reversal.

Only limited circumstances, set forth in 8 C.F.R. § 1003.1(e)(6), require referral to a three-member panel. These include appeals where "the case presents … [t]he need to review a decision … that is not in conformity with the law" or contains "a clearly erroneous factual determination." *Id.* The Board member adequately explained why disposition by a single member was appropriate here. She correctly noted that Mr. Ferreyra had not briefed his appeal, that his statement attached to his notice of appeal did not meaningfully challenge the asylum ruling, and that (as we also have concluded) the IJ did not misapply law or clearly err in finding no causal link between Mr. Ferreyra's persecution and family status. Thus, the Board member permissibly determined that Mr. Ferreyra's immigra-

(continued … )

not demonstrated that a protected status—his family membership—was a "central reason" for any persecution.[10] It also rejected, for lack of jurisdiction, Mr. Ferreyra's contention that he had been placed erroneously in asylum-only proceedings and should have been allowed to apply for cancellation of removal on the basis of family hardship.

## II.

## DISCUSSION

### A.

We first address whether Mr. Ferreyra's visa waiver is valid and enforceable. Implicating both constitutional due process concerns and statutory rights, *Bayo v. Napolitano*, 593 F.3d 495, 503 (7th Cir. 2010) (en banc), a visa waiver is nevertheless valid if it is made knowingly and voluntarily. *Id.* at 505; *see Wigglesworth v. INS*, 319 F.3d 951, 959 (7th Cir. 2003). Mr. Ferreyra submits that the record contains an insufficient basis to conclude that his waiver was made knowingly and voluntarily.

Mr. Ferreyra supports this contention by noting that he was only thirteen years old when he entered the United

---

( … continued)

tion appeal did not present a reason to refer the case to a three-member panel. *See id.* ("Cases may only be assigned for review by a three-member panel if the case presents one of these circumstances.").

[9] When, as here, the Board affirms an IJ's decision, adopts the judge's reasoning, and supplements with its own, this court reviews both decisions. *Halim v. Holder*, 755 F.3d 506, 511 (7th Cir. 2014).

[10] A.R. (19-2055) at 69 (citing 8 U.S.C. § 1158(b)(1)(B)(i)).

States. He maintains that no evidence suggests that he (as opposed to a parent) personally signed the visa waiver. In any case, he continues, he could not have signed it *knowingly* because he was a child and could not have understood the implications of such a waiver.

The record does not include the Form I–94W, Nonimmigrant Visa Waiver Arrival/Departure Form from Mr. Ferreyra's entry to the United States. *See* 8 C.F.R. § 217.2(b)(1). It does contain, however, some information from Mr. Ferreyra's form, drawn from a government database. This database information reflects that Mr. Ferreyra did not personally sign the visa waiver but confirms that he was accompanied by his father. Moreover, at his bail hearing, Mr. Ferreyra admitted that the waiver had been signed for him by his parent, and we see no reason why judicial notice cannot be taken of that document. Mr. Ferreyra also has acknowledged that he was admitted to, and authorized to remain in, the United States under the Visa Waiver Program, which requires a valid signature.[11] *See Giri v. Lynch*, 793 F.3d 797, 802 (7th Cir. 2015) (explaining that admitting the key facts providing the basis for removal withdraws the issue from controversy). Finally, at the time of Mr. Ferreyra's entry, it was standard practice for a parent or guardian to sign Form I–94W for a child under the age of fourteen.[12] Absent evidence to the contrary, we may assume that standard op-

---

[11] A.R. (18-3021) at 4–5.

[12] Form I–94W, as used in 2001, contained the following instruction: "The reverse side of this form must be signed and dated. Children under the age of fourteen must have their form signed by a parent/guardian." A sample Form I–94W, as used in 2001, is Appendix A to this opinion.

erating procedures were followed. *See Nardea v. Sessions*, 876 F.3d 675, 680 (4th Cir. 2017) ("[W]here evidence establishes a visitor was properly admitted as a waiver tourist, we may presume (absent clear evidence showing otherwise) that the government necessarily obtained the entrant's waiver … ."). There is no evidence that the waiver was not knowing, voluntary, or invalidly signed by a parent.[13]

Regardless, Mr. Ferreyra's contention that his waiver is invalid fails because of his own admission to the charge that he is eligible for removal based on his violation of the terms of the Visa Waiver Program. Specifically, Mr. Ferreyra admitted that he effectively "signed and agreed to the conditions stated on" the waiver form, "which explained … the conditions of admission under the Visa Waiver Program," including that he had "waive[d] [his] right to contest any removal action, other than on the basis of an application for asylum."[14] This concession establishes, at the very least, that in the ensuing years of his overstay, he was aware of his continuing obligation to leave the United States and that he failed to do so.

---

[13] Mr. Ferreyra cites no authority to support his contention that parents cannot sign a valid visa waiver on their child's behalf, or that a waiver signed by the child is not valid. *Cf. Vera v. Att'y Gen.*, 672 F.3d 187, 197 n.18 (3d Cir. 2012) ("[T]he consequence of a decision that a minor cannot execute a valid waiver or the summary removal provisions of the [Visa Waiver Program] cannot be enforced against a minor could force the government to adopt a policy not to allow minors to enter this country pursuant to the [Visa Waiver Program]."), *vacated on other grounds*, 693 F.3d 416 (3d Cir. 2012).

[14] A.R. (18-3021) at 4.

**B.**

In any event, even if we were to assume that Mr. Ferreyra's waiver is not valid, he must demonstrate prejudice. *See Bayo*, 593 F.3d at 506; *see also Alimi v. Gonzales*, 489 F.3d 829, 834 (7th Cir. 2007). He has not made this showing.[15] The Board correctly determined that he is not eligible for asylum.

Mr. Ferreyra argues that he is eligible for asylum because an uncle abused him as a child. He contends that family

---

[15] Mr. Ferreyra also argues that he was entitled to a bond hearing and to apply for cancellation of removal. Bond proceedings are "separate and apart from, and shall form no part of, any deportation or removal hearing or proceeding." 8 C.F.R. § 1003.19(d). Thus, Mr. Ferreyra needed to appeal separately the IJ's denial of his request to be released on bond pending the immigration proceedings. *See Al-Siddiqi v. Achim*, 531 F.3d 490, 494–95 (7th Cir. 2008); 8 C.F.R. § 1003.19(f); 8 C.F.R. § 236.1(d)(3). But he did not appeal the IJ's bond determination to the Board, so that issue is not properly before us on review from the underlying removal proceedings. *See Al-Siddiqi*, 531 F.3d at 495. Regarding cancellation of removal, Mr. Ferreyra contends that he should have been allowed to apply for this discretionary form of relief. This argument turns on whether his waiver under the Visa Waiver Program is valid. But as already discussed, the waiver is valid, and it limits the relief that Mr. Ferreyra may receive. *See Bayo v. Napolitano*, 593 F.3d 495, 507 (7th Cir. 2010) (en banc). A valid waiver precludes petitioners from objecting to removal proceedings on grounds other than asylum. *See Djedovic v. Gonzales*, 441 F.3d 547, 549 (7th Cir. 2006); *Wigglesworth v. INS*, 319 F.3d 951, 955–56 (7th Cir. 2003). The waiver thus precluded Mr. Ferreyra from seeking cancellation of removal based on family hardship, not persecution.

membership was "one central reason" for that persecution.[16]
But even if we assume that his uncle's abuse was persecu-
tion, the Board was not required to find that his family
membership was "one central reason" for it. A person's fam-
ily can be a "particular social group" whose members may
be eligible for asylum if membership is a central reason for
persecution. *See W.G.A. v. Sessions*, 900 F.3d 957, 965 (7th Cir.
2018); 8 U.S.C. § 1158(b)(1)(B)(i). The petitioner also must
show, however, that the persecution was based on that
membership. *See Orellana-Arias v. Sessions*, 865 F.3d 476, 484
(7th Cir. 2017).

Mr. Ferreyra contends that if family membership gave
the uncle access to him, that alone shows the requisite nexus.
We cannot accept this argument. A causal link between
family membership and the persecution does not arise
"simply because a particular social group of family members
exists and the family members experience harm." *Gonzalez
Ruano v. Barr*, 922 F.3d 346, 354 (7th Cir. 2019) (internal quo-

---

[16] Petitioner's Br. 15. An individual is eligible for asylum if he is desig-
nated as a "refugee." 8 U.S.C. § 1158(b)(1)(B)(i) explains:

> The burden of proof is on the applicant to establish that
> the applicant is a refugee, within the meaning of section
> 1101(a)(42)(A) of this title. To establish that the applicant
> is a refugee within the meaning of such section, the ap-
> plicant must establish that race, religion, nationality,
> membership in a particular social group, or political
> opinion was or will be at least one central reason for per-
> secuting the applicant.

Therefore, Mr. Ferreyra must show that his membership in a particular
social group—his family—was "one central reason" for the abuse he suf-
fered.

tation marks omitted) (internal citation omitted). The evidence must show that family membership was the motivation for the persecution. Here, the evidence does not show that the uncle's abuse was motivated by Mr. Ferreyra's membership in the family. The fact that his membership in the family may have made him more accessible is not sufficient.

In any event, Mr. Ferreyra has not shown that the government of Argentina is unable or unwilling to protect him from the abuse. An applicant who claims persecution by a private actor must demonstrate that the government either condoned the persecution or was helpless to prevent it. *See N.Y.C.C. v. Barr*, 930 F.3d 884, 888–89 (7th Cir. 2019). Mr. Ferreyra testified that the government of Argentina in the 1990s did not have processes in place to protect children from sexual assault. On this record, however, this assertion is only speculation. The record contains no evidence that Mr. Ferreyra ever reported the abuse to a parent or other adult who could have asked for help from the police. *See Silais v. Sessions*, 855 F.3d 736, 746 (7th Cir. 2017).

### Conclusion

Accordingly, we DENY Mr. Ferreyra's petition for review of the order of the Board of Immigration Appeals and we DISMISS the petition for habeas corpus as duplicative and moot.

IT IS SO ORDERED

# APPENDIX A

THE B VISA CATEGORY

Sample Form 1-8: Arrival-Departure Record for the VWPP (Form I-94W)

**U.S. Department of Justice**
Immigration and Naturalization Service                OMB No. 1115-0148

### Welcome to the United States

I-94W Nonimmigrant Visa Waiver Arrival/Departure Form

Instructions

This form must be completed by every nonimmigrant visitor not in possession of a visitor's visa, who is a national of one of the countries enumerated in 8 CFR 217. The airline can provide you with the current list of eligible countries.

Type or print legibly with pen in ALL CAPITAL LETTERS. USE ENGLISH

This form is in two parts. Please complete both the Arrival Record, items 1 through 11 and the Departure Record, items 14 through 17. The reverse side of this form must be signed and dated. Children under the age of fourteen must have their form signed by a parent/guardian.

Item 7 - If you are entering the United States by land, enter LAND in this space. If you are entering the United States by ship, enter SEA in this space.

**Admission Number**

602948271 02

Immigration and Naturalization Service
Form I-94W (05-29-91) - Arrival Record
**VISA WAIVER**

1. Family Name

2. First (Given) Name                              3. Birth Date (day/mo/yr)

4. Country of Citizenship                          5. Sex (male or female)

6. Passport Number              7. Airline and Flight Number

8. Country where you live       9. City Where you boarded

10. Address While in the United States (Number and Street)

11. City and State

**Government Use Only**

12.    13.

**Departure Number**

602948271 02

Immigration and Naturalization Service
Form I-94W (05-29-91) - Departure Record
**VISA WAIVER**

14. Family Name

15. First (Given) Name                             16. Birth Date (day/mo/yr)

17. Country of Citizenship

See Other Side                                     Staple Here

1-85

# APPENDIX A—Continued

**IMMIGRATION PROCEDURES HANDBOOK**

Do any of the following apply to you? *(Answer Yes or No)*

A. Do you have a communicable disease: physical or mental disorder; or are you a drug abuser or addict? ☐ Yes ☐ No

B. Have you ever been arrested or convicted for an offense or crime involving moral turpitude or a violation related to a controlled substance; or been arrested or convicted for two or more offenses for which the aggregate sentence to confinement was five years or more; or been a controlled substance trafficker; or are you seeking entry to engage in criminal or immoral activities? ☐ Yes ☐ No

C. Have you ever been or are you now involved in espionage or sabotage; or in terrorist activities; or genocide; or between 1933 and 1945 were you involved, in any way, in persecutions associated with Nazi Germany or its allies? ☐ Yes ☐ No

D. Are you seeking to work in the U.S.; or have you ever been excluded and deported; or been previously removed from the United States; or procured or attempted to procure a visa or entry into the U.S. by fraud or misrepresentation? ☐ Yes ☐ No

E. Have you ever detained, retained or withheld custody of a child from a U.S. citizen granted custody of the child? ☐ Yes ☐ No

F. Have you ever been denied a U.S. visa or entry into the U.S. or had a U.S. visa canceled? If yes, when?_____ where?_____ ☐ Yes ☐ No

G. Have you ever asserted immunity from prosecution? ☐ Yes ☐ No

**IMPORTANT:** If you answered "Yes" to any of the above, please contact the American Embassy BEFORE you travel to the U.S. since you may be refused admission into the United States.

_____   _____
Family Name *(Please Print)*                         First Name

_____   _____
Country of Citizenship                               Date of Birth

**WAIVER OF RIGHTS:** I hereby waive any rights to review or appeal of an immigration officer's determination as to my admissibility, or to contest, other than on the basis of an application for asylum, any action in deportation.

**CERTIFICATION:** I certify that I have read and understand all the questions and statements on this form. The answers I have furnished are true and correct to the best of my knowledge and belief.

_____   _____
Signature                                            Date

Public Reporting Burden - The burden for this collection is computed as follows: (1) Learning about the form 2 minutes; (2) completing the form 4 minutes for an estimated average of 6 minutes per response. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to INS, 425 I Street, N.W., Rm. 5304, Washington, D.C. 20536; and the Office of Management and Budget, Paperwork Reduction Project, OMB No. 1115-0148, Washington, D.C. 20503.

**Departure Record**

Important - Retain this permit in your possession; you must surrender it when you leave the U.S. Failure to do so may delay your entry into the U.S. in the future. You are authorized to stay in the U.S. only until the date written on this form. To remain past this date, without permission from Immigration authorities, is a violation of the law. Surrender this permit when you leave the U.S.:

- By sea or air, to the transportation line;
- Across the Canadian border, to a Canadian Official;
- Across the Mexican border, to a U.S. Official.

**WARNING:** You may not accept unauthorized employment; or attend school; or represent the foreign information media during your visit under this program. You are authorized to stay in the U.S. for 90 days or less. You may not apply for: 1) a change of nonimmigrant status; 2) adjustment of status to temporary or permanent resident,unless eligible under section 201(b) of the INA; or 3) an extension of stay. Violation of these terms will subject you to deportation.

Port:
Date:
Carrier:
Flight #/Ship Name:

1-86